No. 23765.

JAMES LEROY REED AND ZIMMERI C. McNEAL *v.* THE PEOPLE OF THE STATE OF COLORADO.
(482 P.2d 110)

Decided March 8, 1971.

Rollie R. Rogers, State Public Defender, Edward L.

KIRKWOOD, Deputy, EDWARD H. SHERMAN, Public Defender in and for the City and County of Denver, for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, DAVID A. SORENSON, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

THIS case is before us for review on writ of error. The defendants, James LeRoy Reed and Zimmeri C. McNeal, were charged in a direct information with the crimes of robbery and conspiracy to commit robbery. The defendants allegedly participated in a vicious mugging and robbery. Even though the defendant Reed confessed to the mugging and robbery, the defendants elected to stand trial together, after the District Attorney offered the defendants a severance. At the trial, the defense urged that the prosecution failed to meet its burden of proof because of the victim's questionable ability to identify his assailants. The jury heard the evidence and returned a verdict of guilty against both defendants as to the robbery charge and acquitted both defendants of the conspiracy charge. From the conviction and sentence, the defendants prosecuted this writ of error, claiming that the trial court committed error by admitting into evidence Reed's confession which implicated his codefendant, McNeal. The defendants contend that the confession was inadmissible because (1) Reed's Fifth and Sixth Amendment rights, as defined in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), were violated; (2) a sufficient foundation was not laid for the admission of Reed's confession and (3) McNeal was prejudiced by the reading of Reed's confession to the jury.

46

■ In regard to the requirements of *Miranda,* the record discloses no evidence of sustained interrogation. Reed was first advised of his rights on December 2, 1967, at which time he signed an advisement form, but declined to make a statement. On December 4, 1967, after Reed was again advised of his rights, he made the incriminating confession which was later admitted into evidence at the trial. The advisement of rights form that was signed by Reed was also admitted into evidence, and the language of the form clearly complies with the dictates of *Miranda v. Arizona, supra.* We have held that the requirements of *Miranda* were met and that a defendant was properly advised of his rights under somewhat similar circumstances in *Reed v. People,* 171 Colo. 421, 467 P.2d 809 (1970).

Reed claims that he did not make the statement that was admitted into evidence and alleges that he was under the influence of narcotic drugs at the time he was questioned by Detective Villano. At the trial, however, Detective Villano denied Reed's allegation and testified as to the manner in which the statement was taken and to the presence of a court reporter during the taking of the statement. A hearing that fully complied with the constitutional standards of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), was held outside of the presence of the jury to determine the voluntariness of the confession, and the trial court made a finding that the confession was voluntary. In *Whitman v. People,* 170 Colo. 189, 460 P.2d 767 (1969), we directed that the trial court make an affirmative finding that a confession was voluntary at the conclusion of the *Jackson v. Denno* hearing. *See Compton v. People,* 166 Colo. 419, 444 P.2d 263 (1968).

■ Although the trial court's finding of voluntariness appears in the record in a side-bar conference, it is not as clear as might be desired. The better practice is for the trial judge to make clear and explicit findings as to the voluntariness of the confession at the conclusion of

the *in camera* hearing. *Whitman v. People, supra; Compton v. People, supra.*

The jurors were properly instructed as to the weight to be given the confession and were advised that they could disregard the confession in its entirety if they did not believe it to be voluntary. *See Procunier v. Atchley,* 39 U.S.L.W. 4125 (U.S. January 19, 1971).

Reed also claims that the Sixth Amendment rights afforded to an accused by *Escobedo* were not recognized by the trial court, but again we find nothing in the record to show that Reed sought or was denied the right to counsel before or during the taking of the controverted statement. Nor was Reed deprived of his Sixth Amendment right to counsel through surreptitious means, such as were present in *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). For limitations on the Sixth Amendment rights afforded by *Massiah, see Miller v. California,* 392 U.S. 616, 88 S.Ct. 2258, 20 L.Ed.2d 1332 (1968).

Defendants further contend that a sufficient foundation was not laid for the admission of the defendant Reed's confession. The record indicates that Detective Villano reviewed the unsigned transcription of his interrogation of Reed and testified that it accurately reflected the questions which he asked and the answers given by Reed. He also testified that even without the transcription he could testify as to the substance of what was said by the defendant Reed. Reed, however, contends that Detective Villano is not qualified to identify or to lay a proper foundation for the admission of the statement, unless he also was the one who transcribed it. This Court disposed of a similar contention in *Jordan v. People,* 151 Colo. 133, 376 P.2d 699 (1962), *cert. den.* 373 U.S. 944, 83 S.Ct. 1553, 10 L.Ed.2d 699, when it was held that "[a] past recollection recorded meets the requirements for admissibility when it appears that the witness (1) can identify the memorandum, (2) adequately recalls the making of it at or near the time of

the event, either as recorded by himself or by another, and (3) can testify to its accuracy."

Courts must recognize the difficulty which an officer has in remembering the details of numerous investigations which are conducted over an extended period of time. *People v. Griswold*, 405 Ill. 533, 92 N.E.2d 91 (1950). In *Jordan v. People, supra,* this Court, when confronted with a similar claim, said:

"A faithful memorandum is acceptable not conditionally on the total or partial absence of a present remnant of actual recollection in the particular witness, but *unconditionally;* because, for every moment of time which elapses between the act of recording and the occasion of testifying, the actual recollection must be inferior in vividness to the recollection perpetuated in the record." *See also State v. Easter,* 185 Iowa 476, 170 N.W. 748 (1919).

Lastly, the defendant McNeal argues that the reading of the confession was prejudicial to him. The record reflects that at the time Reed's statement was admitted into evidence, the jury was instructed that the statement was admissible only as to Reed and could only be considered against Reed. All references to McNeal that appeared in the Reed confession were properly and effectively stricken, and no implication of McNeal can be read into the confession. Moreover, McNeal and his counsel were offered a severance and a separate trial, but they both elected to go to trial with the defendant Reed. Both Reed and McNeal, while represented by counsel and as part of their trial strategy, took the stand and testified, offering the defense of alibi. Both defendants claimed in their testimony that they were playing cards at a place that was far removed from the scene of the crime. The jury chose not to believe them. Hindsight following conviction of both defendants has apparently dictated a different approach and has caused the defendants to assert error that was allegedly caused by a joint trial.

In *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which has been made retroactive and applicable to the states by *Roberts v. Russell,* 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968), the admission of a codefendant's confession that implicated the other defendant at a joint trial constituted reversible error, even though the trial court gave a clear, concise, and understandable instruction that the confession could only be used against the codefendant and must be disregarded with respect to the defendant.

In an attempt to assist judges in avoiding this problem, the American Bar Association Special Committee on Standards for the Administration of Criminal Justice has prepared and adopted the following Standard:

"2.3 Severance of defendants.

"(a) When a defendant moves for a severance because an out-of-court statement of a codefendant makes reference to him but is not admissible against him, the court should determine whether the prosecution intends to offer the statement in evidence at the trial. If so, the court should require the prosecuting attorney to elect one of the following courses:

"(i) a joint trial at which the statement is not admitted into evidence;

"(ii) *a joint trial at which the statement is admitted into evidence only after all references to the moving defendant have been effectively deleted;* or

"(iii) severance of the moving defendant.

\* \* \* \*" [Emphasis added.]

[*ABA Standards, Joinder and Severance,* pp. 34-35.] The trial court followed the second alternative set forth in the above Standards, which complies with the requirements of the *Bruton* decision.

The waiver of severance by McNeal is a second reason that it cannot be claimed that his rights were violated. The American Bar Association Standards relating to Joinder and Severance provide:

"2.1 Timeliness of motion; waiver; double jeopardy.

"(a) A defendant's motion for severance of offenses or defendants must be made before trial, except that a motion for severance may be made before or at the close of all the evidence if based upon a ground not previously known. Severance is waived if the motion is not made at the appropriate time.

"(b) If a defendant's pretrial motion for severance was overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Severance is waived by failure to renew the motion.

"(c) Unless consented to by the defendant, a motion by the prosecuting attorney for severance of counts or defendants may be granted only prior to trial.

"(d) If a motion for severance is granted during the trial and the motion was made or consented to by the defendant, the granting of the motion shall not bar a subsequent trial of that defendant on the offenses severed." [*ABA Standards, Joinder and Severance,* p. 26.]

 If the defendant fails to move for severance, he cannot raise the question of severance on appeal. *Wynn v. United States,* 275 F.2d 648 (D.C. Cir. 1960); *accord, Mee v. United States,* 316 F.2d 467 (8th Cir. 1963). If either of the defendants thought that the court had not effectively complied with the mandates of the *Bruton* decision, a motion for a severance should have been made when the Reed confession was admitted into evidence, and the motion should have been renewed at the close of all of the evidence. *Williamson v. United States,* 310 F.2d 192 (9th Cir. 1962). Neither of the defendants elected to move for a severance at any stage of the proceeding, and the failure to make a timely motion when the prejudice allegedly occurred waives any right that McNeal might have had to a severance.

 From the record, we conclude that the defendants were granted a fair trial, and we, therefore, affirm the robbery conviction of both Reed and McNeal.

Mr. Justice Hodges, Mr. Justice Kelley, and Mr. Justice Lee concur.