## No. 24582

## Harold Brown v. The People of the State of Colorado
(494 P.2d 587)

Decided March 6, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Natalie S. Ellwood, Deputy, Thomas M. Van Cleave, III, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Harold Brown, hereinafter referred to as the defendant, was convicted by a jury of armed robbery. He seeks reversal of his conviction and a new trial on two grounds. First, he contends that the trial court's instruction on the presumption of innocence constituted reversible error. As a second ground for reversal, he claims that the trial court erred in allowing a witness to testify to a photographic identification of the defendant which occurred in the absence of defense counsel. We find both of the errors alleged to be without merit, and we, therefore, affirm.

## I.
### PRESUMPTION OF INNOCENCE

In *Martinez v. People,* 172 Colo. 82, 470 P.2d 26

(1970), this Court specifically disapproved of an instruction identical to the one given herein on the presumption of innocence. However, because of the long history of the instruction's use in Colorado courts, we held that our decision would have only prospective effect and that the giving of the instruction in cases preceding the decision in *Martinez* would not constitute reversible error. Since this case preceded the *Martinez* decision, no reversible error was committed.

## II.
## PHOTOGRAPHIC IDENTIFICATION

During the trial, two witnesses made in-court identifications of the defendant. In each instance, the court held an *in camera* hearing prior to allowing the defendant to be identified in the presence of the jury. The purpose of the *in camera* hearings was to determine whether the in-court identifications had an independent basis, or whether they were tainted by an improper line-up or photographic identification procedure.

The testimony of the two witnesses at the *in camera* hearings showed that both witnesses had ample opportunity to get a good look at the defendant while the robbery was being committed. One of the witnesses, Leland Walz, testified that he observed the robber in question for a period of twenty to twenty-five minutes, and that on several occasions he was face-to-face with the accused at a distance of ten to fifteen feet. He also stated that he had an opportunity to visually record the defendant's facial features for approximately thirty seconds from a distance of thirty to thirty-five feet away. The other witness, Elmer Jamerson, is a workman who was present at the scene of the robbery. He testified that he was approximately fifteen to twenty feet away from the robber and that the individual was in view for approximately four to five minutes. At the time the individual left the store, he passed within five feet of Jamerson.

The testimony also revealed that both of the witnesses first identified the defendant from a group of photographs that both witnesses examined at police headquarters on January

4, 1969, when the case was in the investigatory stage. Thereafter, the defendant was arrested, and on January 5, 1969, both witnesses individually identified the defendant in a line-up that was conducted in the presence of defense counsel. No suggestive or improper practices were shown to have occurred at either the line-ups or the photographic identification sessions. Based on the *in camera* testimony of Walz and Jamerson, the trial judge found that the photographic identification and the line-up identification were proper and did not taint the in-court identification. The trial judge also concluded there was clear and convincing evidence that the in-court identifications made by the witnesses were based on observations which occurred at the time of the robbery. Given this factual background, it is clear that the trial court complied with the dictates of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and that the in-court identifications that were made by the two witnesses were wholly proper.

Quite different considerations are alleged to be involved with regard to the admission of the photographic identification testimony of Leland Walz. Looking to *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), the defendant argues that because defense counsel was not present at the time the photographic identification of the defendant was made, the testimony should have been *per se* excluded, and that the court's failure to do so mandates reversal. Defendant's argument is premised on the notion that there is a right to counsel during the investigatory stages of a case when photographic identification is sought from witnesses to the crime. In effect, the defendant contends that such sessions constitute a critical stage of the prosecution.

The only question before us is whether the right to counsel attaches, relating to photographic identification, when a criminal case is still in the investigatory stage. We hold that it does not. To hold otherwise would be folly. Uncertainty as to identity of the perpetrator of a crime

compels the police to produce numerous photographs for a victim's consideration. Photographic identification must be approved if the procedures used are not suggestive and do not coerce identification. In this case, it is clear that the photographic identification took place during the investigatory stage of the proceedings and before the finger of guilt pointed to the defendant. In fact, the record reveals that at the time the defendant's photograph was identified, he was not in custody and charges against the defendant had not been made. Furthermore, there is no evidence in the record to suggest that his arrest was even contemplated. Consequently, the *per se* exclusion of the photographic identification testimony was not mandated by the Sixth and Fourteenth Amendments to the United States Constitution. *See Allen v. Rhay,* 431 F.2d 1160 (9th Cir. 1970); *United States v. Ballard,* 423 F.2d 127 (5th Cir. 1970); *Rech v. United States,* 410 F.2d 1131 (10th Cir. 1969); *United States v. Bennett,* 409 F.2d 888 (2nd Cir. 1969); *United States v. Robinson,* 406 F.2d 64 (7th Cir. 1969); *McGee v. United States,* 402 F.2d 434 (10th Cir. 1968); *People v. Martin,* 47 Ill.2d 331, 265 N.E.2d 685 (1970); and *Kain v. State,* 48 Wis.2d 212, 179 N.W.2d 777 (1970). *See also, Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), in which initial identification by photograph in the absence of counsel was specifically sanctioned.

Since the photographic identification procedure used in this case was found to be satisfactory by clear and convincing evidence, and there was no showing that the procedure was suggestive, or that the introduction of the testimony in issue was otherwise prejudicial, reversal is not dictated.

Judgment affirmed.

MR. JUSTICE LEE not participating.