## No. 23787

**Larry G. Maynes v. The People of the State of Colorado**
(495 P.2d 551)

Decided April 3, 1972.

Blaine L. Boyens, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, James F. Pamp, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Plaintiff in error, Larry G. Maynes, was the defendant in the trial court. Hereinafter, he will be referred to as the "defendant" or by name. A jury found the defendant to be guilty of robbery of a liquor store in Denver, Colorado. We affirm the conviction.

The robbery in issue occurred on January 26, 1967, at approximately 5:30 p.m., when a male customer, who was subsequently identified as the defendant, entered the liquor store at 1648 Federal Boulevard and ordered a quart of tequila. This customer had a flesh-colored Band-aid across his nose. The clerk on duty, one Albert D. Johnson, Jr., turned to get the tequila, and when he turned back with the tequila, the customer had a gun pointed at him and demanded all of the money. Johnson produced $120 which the customer stuffed in various pockets as he backed out of the store, dropping several dollar bills on the floor in the process. When he reached the street, he turned and ran north on Federal Boulevard.

Another clerk in the store, Walter Faris, was seated at a desk in the back of the store. He also observed the actions of the customer. While Johnson pushed an alarm button, Faris ran to the door and saw the customer running toward the

Silver Tire Company, which was located next door to the liquor store. Two employees of the tire company observed a man running from the store and stated that their attention was attracted to him because in his haste he stumbled and almost fell and also because it was cold and the man was not wearing a coat.

Subsequently, the four witnesses were shown pictures of various individuals in an attempt to secure an identification of the robber. After the witnesses had spent two days examining photographs, an identification was made, and the defendant, Larry G. Maynes, was arrested. Thereafter, he appeared in two separate lineups and was positively identified by three of the witnesses. The other witness, although unable to make a positive identification, stated that the defendant looked like the person he saw going toward the Silver Tire Company.

An information was filed on February 6, 1967, which charged the defendant with robbery. Trial commenced, after eleven continuances, on April 10, 1968. The jury returned its verdict on April 12, 1968. The Public Defender's Office, who represented the defendant, filed a motion for a new trial, and the defendant, in turn, filed a *pro se* motion alleging that he was represented by incompetent counsel. Both motions were denied, and, thereafter, this appeal was prosecuted.

We have examined the seven grounds for reversal which the defendant has asserted and find them to be without merit. Only four points deserve comment.

## I.

The defendant contends that he was denied a speedy trial, because trial was held more than fourteen months after he was charged. U.S. Const. amend. VI (Sixth Amendment); Colo. Const. art. II, § 16; Colo. R. Crim. P. 48(b).

The delay which preceded trial was occasioned, to a large extent, by the defendant. The defendant requested and obtained numerous continuances in an attempt to effectuate a plea bargain. The prosecution is not chargeable with delay that has been caused by the defendant. The defendant's failure to effect a satisfactory plea bargain cannot be declared

to be a denial of a speedy trial. *Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219 (1971); *see Gonzales v. People,* 156 Colo. 252, 398 P.2d 236 (1965); *Medina v. People,* 154 Colo. 4, 387 P.2d 733 (1963).

## II.

▮ The defendant's claim that the courtroom identification was tainted by improper photographic displays and improper procedure in the lineups is without merit. The trial court found that the photographic displays were not suggestive and that the lineups were fairly conducted. Under these circumstances, the defendant was not deprived of due process of law and the in-court identifications were properly made. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Brown v. People,* 177 Colo. 397, 494 P.2d 587.

## III.

▮ A few days prior to the commencement of trial, a different member of the public defender's staff assumed responsibility for the trial. The defendant contends that his new counsel failed to make proper investigation prior to trial and was unprepared to defend him. The defendant's right to counsel does not grant the defendant the right to pick the lawyer of his choice. In the instant case, the public defender that tried the case had access to all of the records and investigatory materials which had been compiled after counsel was appointed for the defendant. Moreover, defense counsel's trial strategy cannot be the subject of a defendant's hindsight judgment following a verdict of guilty. *See American Bar Association Standards of Criminal Justice Relating to The Defense Function,* § 5.2(b). Our examination of the record causes us to conclude that the defendant was adequately represented. *See Melton v. People,* 157 Colo. 169, 401 P.2d 605 (1965).

▮ The defendant also contends that the trial court's failure to advise him of his right to counsel during the hearing on his motion for a new trial requires reversal. Although the

defendant was still being represented by the public defender, he claims that separate counsel should have been appointed to present his claim that he had been denied effective assistance of counsel. We disagree. The trial court fully considered the contention of the defendant before denying the motion for new trial. Thereafter, new counsel was appointed to assist the defendant on appeal, and the argument that the defendant had been denied effective assistance of counsel was again raised. After thoroughly reviewing the record, we conclude that the defendant's argument is without merit.

## IV.

The defendant also looks to the due process commands of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giles v. Maryland,* 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967), to sustain his claim for reversal. His assertion of error is predicated on the fact that a fifth witness to the robbery, whose name appeared on the police offense sheet, was not endorsed on the information. His claim is based on the theory that the fifth witness would tend to exonerate him, because he identified a get-away car, as well as the robber. It is impossible for us to say that this evidence was favorable or would in any wise assist the defendant in his defense. It appears that trial strategy dictated that the witness should not be called, and the case was submitted to the jury in its present posture.

Accordingly, we affirm.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY, MR. JUSTICE GROVES, MR. JUSTICE LEE, DEAN C. MABRY, District Judge*, and LAWRENCE THULEMEYER, District Judge*, concur.

MR. JUSTICE HODGES and MR. JUSTICE KELLEY not participating.

———————

*District Judges sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.