### No. 25020

**The People of the State of Colorado v. Raymond Paul Barker**
(501 P.2d 1041)

Decided October 10, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

Three separate informations charged the defendant, Raymond Paul Barker, with simple robbery. 1967 Perm. Supp., C.R.S. 1963, 40-5-1. The three robberies did not occur on the same days and three different individuals were robbed. All three cases were consolidated for trial over the defendant's objection, and a motion for a separate trial on each of the offenses was denied. The jury convicted the defendant of all three crimes. Thereafter, the trial court imposed concurrent sentences for the three robberies.

The primary issue on appeal is whether the failure to grant a separate trial to the defendant on each of the three robbery charges was reversible error. The defendant did not designate,

and the record does not contain, the proceedings that took place when the cases were consolidated for trial. The defendant, apparently, filed a motion for a severance, but that motion is not part of the record, and the record does not contain a transcript of the proceeding which occurred at the time the motion for a severance was heard. Counsel for the defendant also failed to renew his motion for a severance at the close of all the evidence.

The defendant has also raised issues relating to the procedure followed in conducting a photographic lineup and as to the instruction on presumption of innocence. The instruction on presumption of innocence includes the wording which we condemned in *Martinez v. People,* 172 Colo. 82, 470 P.2d 26 (1970).

To justify an imperfect record, the defendant argues that the errors which were committed in the trial court were of such significance that they should be deemed to be "plain error" which affects the substantial rights of the defendant. Crim. P. 52(b) permits our intervention only if the errors which were committed affected the substantial rights of the defendant and were "plain error." However, microscopic hindsight, which seems to follow every conviction, does not dictate that we reverse a case where error has not been properly preserved. After reviewing the record, we do not deem the errors presented on this appeal to be the "plain error" which is contemplated in the rule and which permits our intervention. Crim. P. 52(b).

## I.
### Instructions

The instruction on presumption of innocence is the same as that which was considered in *Martinez v. People,* 172 Colo. 82, 470 P.2d 26 (1970). In *Martinez,* we said that the instruction on presumption "is a stock instruction which has been used by the courts for years, and because of its long history we would not hold that the giving of the instruction was reversible error. Nevertheless the instruction is not a good statement of the law and the giving of it has fallen in disrepute in other courts. For Colorado to continue to use it

would perpetuate our blind tread down the path laid out for us by those who have gone before."

The instruction in issue contains language which qualifies the presumption of innocence with the statement that the presumption is not intended to help the guilty escape. The qualifying language improperly modified the requirement behind the instruction on presumption of innocence, and we declared that it should not be used in the future. Since this case was tried after our directive in *Martinez,* we would be compelled to reverse if defense counsel had objected to the giving of the instruction. In this case, no objection was made, and the error was not specified in the motion for a new trial. Crim. P. 30 clearly specifies:

"All instructions shall be submitted to the parties, who shall make all objections thereto before they are given to the jury. Only the grounds so specified shall be considered on motion for a new trial or on review . . . ."

The purpose of the rule is to enable the trial judge to prevent error from occurring and to correct an error if an improper instruction is tendered. If we were to reverse every case where an improper instruction was given and objection was not made in the trial court, we would be subverting the purpose of the rule. Since the instruction issue is raised for the first time on appeal, we confine our review to a consideration of whether the error falls within Crim. P. 52(b). *Hernandez v. People,* 156 Colo. 23, 396 P.2d 952 (1964).

"Plain error" has been said to mean "error both obvious and substantial." *Sykes v. United States,* 373 F.2d 607 (5th Cir. 1966). "Plain error" has also been said to be "those grave errors which seriously affect substantial rights of the accused." *Wright v. United States,* 301 F.2d 412 (10th Cir. 1962). To us, it is clear that no definition will fit every case, and each case must be resolved on the particular facts or laws which are in issue. *See Kyle v. United States,* 297 F.2d 507 (2d Cir. 1961). It is incumbent upon us, from our own reading of the record, to determine whether "plain error" occurred. Unless there is a reasonable possibility that the

improper instruction contributed to the defendant's conviction, reversal is not required. In this case, we conclude that the minds of an average jury would not have found the prosecution's case significantly less persuasive by the elimination of the improper wording in the presumption of innocence instruction. *See Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). As in the *Schneble* case, the evidence of guilt of the defendant was overwhelming. The defendant was entitled to a fair trial but not a perfect trial. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

 The "plain error" rule must be read in harmony with Crim. P. 30, which provides that no party may assign as error the giving of an instruction to which he has not objected before the instructions are submitted to the jury. *See Rhodus v. People,* 158 Colo. 264, 406 P.2d 679 (1965); *People v. Anderson,* 48 Ill.2d 488, 272 N.E.2d 18 (1971).

## II.
### Consolidated Trial

 In this case, the record is all but silent as to the proceedings that took place at the time of consolidation, and no motion to sever appears in the record. Moreover, the motion to sever was not renewed prior to the time that the case was submitted to the jury. A failure to renew the motion for severance at the close of all the evidence constitutes a waiver of the objection. The *American Bar Association Standards for Criminal Justice Relating to Joinder and Severance* provide:

"2.1 Timeliness of motion; waiver; double jeopardy

"(a) A defendant's motion for severance of offenses or defendants must be made before trial, except that a motion for severance may be made before or at the close of all the evidence if based upon a ground not previously known. Severance is waived if the motion is not made at the appropriate time.

"(b) If a defendant's pretrial motion for severance was overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Severance is waived

by failure to renew the motion."
*Reed v. People,* 174 Colo. 43, 482 P.2d 110 (1971).

### III.
### Identification Procedures

The defendant alleges that the identification procedures which preceded the filing of the informations were suggestive and in violation of *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). The defendant contends, based on his reading of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), that the victims should not have been exposed to photographs of those who were suspected of the robbery until counsel was appointed for him.

We have ruled that counsel need not be provided for photographic identification procedures. *Brown v. People,* 177 Colo. 397, 494 P.2d 587 (1972). All but one circuit has passed upon the issue relating to the necessity of having counsel present at a photographic lineup and have held that counsel need not be present. *Reed v. Anderson,* 461 F.2d 739 (3rd Cir. 1972); *United States v. Long,* 449 F.2d 288 (8th Cir. 1971); *United States v. Serio,* 440 F.2d 827 (6th Cir. 1971); *Allen v. Rhay,* 431 F.2d 1160 (9th Cir. 1970); *United States v. Ballard,* 423 F.2d 127 (5th Cir. 1970); *United States v. Collins,* 416 F.2d 696 (4th Cir. 1969); *United States v. Bennett,* 409 F.2d 888 (2d Cir. 1969); *United States v. Robinson,* 406 F.2d 64 (7th Cir. 1969); *McGee v. United States,* 402 F.2d 434 (10th Cir. 1968). Certiorari has been granted in the one case which holds that counsel is required, so the issue is now postured for review by the Supreme Court of the United States. *United States v. Ash,* 461 F.2d 92 (D.C. Cir. 1972), *cert. granted,* 40 U.S.L.W. 3588 (No. 71-1255, June 13, 1972). Even though certiorari has been granted, the all but uniform pattern of decisions in the federal courts convinces us that we should not retreat from the position that we took in *Brown v. People, supra.*

Moreover, the photographic lineup issue has been shorn of significance since it occurred more than one month prior to

the filing of a formal charge. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). In *Kirby,* the Court retreated from the requirement that counsel be provided to an accused at a lineup when the the lineup occurred at the investigatory stage of the proceedings and before the commencement of the adversary criminal proceedings.

 Counsel also argues that the face-to-face lineup that occurred after tentative photographic identification had been made was unduly suggestive. We need not decide the merits, since a proper *in camera* hearing was held, and the court determined that the lineup was not unduly suggestive. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Maynes v. People,* 178 Colo. 88, 495 P.2d 551 (1972); *Glass v. People,* 177 Colo. 267, 493 P.2d 1347 (1972). The trial court also found that the in-court identification had an independent basis. Moreover, the face-to-face identification preceded the filing of the information and was controlled by *Kirby v. Illinois, supra.*

Accordingly, we affirm.

MR. JUSTICE DAY, MR. JUSTICE HODGES, and MR. JUSTICE LEE concur.