No. 24868

**The People of the State of Colorado v. Robert Knapp**
(505 P.2d 7)

Decided January 8, 1973.

282

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

A jury convicted Robert Knapp of murder in the first degree, C.R.S. 1963, 40-2-3, and assessed the penalty at life imprisonment. The murder occurred in the course of the robbery of a small grocery store. When the proprietor attempted to protect his store, he was shot to death by the robbers. The defendant and Arthur Scheidt were identified as the robbers and were jointly charged with felony-murder. The defendant, however, was tried separately. He now asserts that error occurred in the trial which requires reversal. Reversible error did not occur, and we, therefore, affirm.

## I.

First, the defendant asserts that reversible error was committed in allowing testimony relating to certain hearsay admissions of Arthur Scheidt. The prosecution theory of the case was that Arthur Scheidt, as principal, perpetrated the robbery and murder and that the defendant Knapp was a fully culpable accessory. To convict the defendant under such a theory, it was necessary to prove the guilt of the principal and then the complicity of the defendant. To prove that Scheidt, the alleged principal, was, in fact, guilty, the prosecution produced two witnesses who recounted admissions which Scheidt made to them. They testified that Scheidt admitted shooting the grocer during the robbery. Both witnesses said that Scheidt had referred to an accomplice, but that Scheidt did not identify the accomplice.

The defendant contends that the references to an accomplice in Scheidt's admissions fall within the rule announced in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), and require reversal. He says that the admissions are hearsay as to him and deny him the right to confront or cross-examine an absent witness. The trial court endeavored to guard against such misuse by instructing the jury to consider the admissions only as evidence of the alleged principal's guilt and not as any evidence of Knapp's alleged complicity. The defendant, however, contends that

the instruction was inadequate to forestall prejudice. Consequently, he claims a violation of the Sixth Amendment right of confrontation. *Bruton v. United States, supra.*

It is settled that an admission by the alleged principal may be introduced as evidence of the principal's guilt so long as all references to the defendant-accessory are effectively deleted. *Reed v. People,* 174 Colo. 43, 482 P.2d 110 (1971); *Vigil v. People,* 174 Colo. 164, 482 P.2d 983 (1971); *Stewart v. People,* 161 Colo. 1, 419 P.2d 650 (1966). The issue in this case is whether the defendant was afforded the protection dictated by *Bruton v. United States, supra,* when Scheidt's admissions were admitted into evidence indicating that another person was present. The record establishes that the error, if such did occur, was harmless beyond a reasonable doubt. *Accord, Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

Additional evidence consisting of the testimony of three eyewitnesses established that the robbery was committed by two men. Scheidt's admission that another person was with him or that he had an accomplice could not have affected the jury's verdict in the light of the other evidence which left no doubt that the crime was committed by two men.

## II.

Second, the defendant claims that error occurred when the trial court admitted the testimony of Vera Evelyn Sisneros, who was a minor. She testified that the defendant had admitted to her that he and Scheidt robbed the store and that Scheidt had shot the grocer. Her statement to the police was the fruit of interrogation by the police which was conducted in derogation of certain provisions of the Colorado Children's Code. The defendant contends that the Sisneros testimony should have been excluded because it had an illegal origin. The Sisneros testimony was admitted into evidence after the court refused to permit Sisneros to invoke the Fifth Amendment to protect the defendant and denied that the defendant had standing to object to the Sisneros

testimony.

Admittedly, the Children's Code was not complied with, but the prosecution claims that the Children's Code is for the protection of the minor that is being questioned and does not exist for the benefit of any third party.

 The threshold issue is whether the defendant has standing to object to testimony which is predicated upon a statement obtained from a minor witness in violation of the Children's Code. If the defendant lacks standing to object, the testimony was properly admitted. In construing the Fourth Amendment, the Supreme Court of the United States has held that a person who is only aggrieved by the admission of evidence illegally seized from a third person lacks standing to object. *Alderman v. United States,* 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); *People v. Towers,* 176 Colo. 295, 490 P.2d 302 (1971). The rule of exclusion, in our opinion, was not intended to benefit a defendant whose rights were not violated by causing the exclusion of evidence that was obtained from a third person. *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

 To us, violations of the type which the defendant alleges provide a more insubstantial foundation for the exclusion of evidence than those which the Supreme Court cast aside in *Alderman v. United States, supra.* The minor witness in this case was questioned without the presence of her parents, guardians, or legal counsel as required by Article II, Section 2 of the Colorado Children's Code (Amended 1971). The rights set out in this section of the Children's Code find genesis in the Fifth Amendment privilege against self-incrimination and in the Sixth Amendment right to counsel. U.S. Const. amends. V and VI; Colo. Const. art. II, § § 16 and 18.

 It is clear that the Fifth Amendment privilege is only against self-incrimination and does not permit a witness to remain silent to avoid incriminating a third party. *Accord, Gallegos v. People,* 157 Colo. 484, 403 P.2d 864 (1965). The right to counsel is also personal to the witness. No reason

exists for exclusion of evidence obtained from an uncounseled witness so long as the evidence obtained is not offered against that witness. *People v. Varnum,* 66 Cal.2d 808, 427 P.2d 772, 59 Cal.Rptr. 108 (1967). *See Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

### III.

■ The defendant's third objection relates to the events which preceded his in-court identification by the witnesses Luhmkuhl and Roberts. This third ground for reversal has two parts. The first centers on whether there is a requirement that counsel be provided at a photographic lineup. We have held that counsel need not be appointed when a witness is shown photographs in an attempt to determine who committed a crime. *People v. Barker,* 180 Colo. 28, 501 P.2d 1041 (1972); *Brown v. People,* 177 Colo. 397, 494 P.2d 587 (1972).

■ The second part of his argument is that he was denied due process by the identification procedures which the police used. Lineup cases must necessarily be decided on a case-by-case basis. In the first instance, the problem is one for resolution by the trial court. *Sandoval v. People,* 180 Colo. 180, 503 P.2d 1020. In every case, the trial judge must determine the identification issue based upon the totality of the circumstances. *Neil v. Biggers,* 41 U.S.L.W. 4064 (U.S. December 5, 1972); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Bravo v. People,* 171 Colo. 418, 467 P.2d 814 (1970).

■ A full *in camera* hearing was held by the trial court in this case to determine the identification issue before the testimony of Lehmkuhl and Roberts was admitted. Lehmkuhl testified that he saw photographs of three men and said that one looked similar to the man that he had seen commit the robbery. Roberts saw photographs of both Knapp and Scheidt and told the district attorney that they both looked familiar. Both witnesses had ample opportunity to observe the robbers at the scene of the robbery while the robbery was taking place. Lehmkuhl had a clear view of the robbery and of the assault which preceded the death of the proprietor of

the grocery store. Roberts saw the perpetrators of the crime on the street both before and after the robbery and in the store shortly before the robbery occurred. The trial judge, after considering the totality of the circumstances at the *in camera* hearing, permitted the introduction of the identification testimony. In our opinion, he did not abuse his discretion, and we will not substitute our judgment for that of the trial court. *Maynes v. People,* 178 Colo. 88, 495 P.2d 551 (1972).

## IV.

Finally, the defendant asserts that he was entitled to a mistrial because the prosecutor improperly asked two questions which suggested that the defendant had a blackjack. The record shows that the prosecutor asked the witness Sisneros whether she recalled seeing the defendant with a blackjack and whether he had mentioned one. No evidence, however, was ever produced that the defendant had a blackjack. The trial court denied a defense motion for a mistrial which was predicated on the mere asking of the questions.

In considering whether a motion for a mistrial should be granted, we recognize that the trial judge is best qualified to assess the impact of the remarks or the conduct on the jury. *Hafer v. People,* 177 Colo. 52, 492 P.2d 847 (1972); *Lee v. People,* 170 Colo. 268, 460 P.2d 796 (1969). A motion for a mistrial is addressed to the sound discretion of the trial court, and the decision of the trial court will not be disturbed in the absence of an abuse of discretion. *Lee v. People, supra.*

No abuse of discretion occurred in this case. When an objection was made to the questions, the objection was sustained. Moreover, the questions were not answered, and the trial judge promptly and properly instructed the jury to disregard the questions. We must presume that the jury adhered to the instructions of the trial judge. *Schneble v. Florida, supra; People v. Smith,* 179 Colo. 413, 500 P.2d 1177 (1972).

Accordingly, we affirm.