### No. 25015

**The People of the State of Colorado v.
Alfonso Ben Lovato, Jr.**
(506 P.2d 361)

Decided February 13, 1973.

446

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, John E. Bush, Assistant, Aurel M. Kelly, Assistant, Sara Duncan, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave, III, Deputy, Kenneth J. Russell, Deputy, J. E. Losavio, Jr., Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Alfonso Ben Lovato, Jr. was duly convicted by a jury of the crime of burglary. 1967 Perm. Supp., C.R.S. 1963, 40-3-5. After being sentenced to the penitentiary, he appealed, asserting that the evidence was insufficient to sustain his conviction and claiming that his constitutional rights were violated. This is another in an almost endless chain of cases that must be determined on the basis of the validity of a defendant's statement to the police and the suggestiveness of circumstances surrounding a police lineup.

The evidence relating to identification and to the defendant's confession, if properly admitted, more than justifies the trial court's denial of the motion for judgment of acquittal. *McClendon v. People,* 174 Colo. 7, 481 P.2d 715 (1971). The conviction, therefore, should be upheld if the trial court properly considered and presented the issues relating to identification and the defendant's statements to the jury. The trial court conducted a full *in camera* hearing to determine whether the defendant's confession was voluntary and to ascertain whether the defendant was advised of the rights afforded him by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and resolved the issue against the defendant on the confession issue. The weight to be given to the defendant's confession was then left to the jury, in accordance with the mandate of *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). *People v. Smith,* 179 Colo. 413, 500 P.2d 1177 (1972); *Reed v. People,* 174 Colo. 43, 482 P.2d 110 (1971).

As to the police lineup, the identification issue was first considered in an *in camera* hearing and was then submitted to the jury with proper instructions. *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Sandoval v. People,* 180 Colo. 180, 503 P.2d 1020 (1972); *Maynes v. People,* 178 Colo. 88, 495 P.2d 551 (1972). The defendant was afforded every right which is guaranteed to him by the United States and Colorado Constitutions. None of the other errors which are asserted on appeal require comment.

Accordingly, we affirm.

MR. JUSTICE GROVES does not participate.