No. 24947

**The People of the State of Colorado v. Joseph Moreno, Jr.**

(507 P.2d 857)

</div>

Decided March 12, 1973.                    Rehearing denied April 2, 1973.

108

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Auer & Manzanares, Douglass B. Auer, for defendant-appellant.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

A jury convicted Joseph Moreno, Jr. of first-degree murder and fixed his sentence at life imprisonment. The defendant's post-trial motions, including his motion for a new trial, were denied, and he has now appealed to this Court. We affirm.

The homicide in question occurred in the parking lot of the Pier 11 Tavern. The victim was an owner of the tavern who ordered two men to leave the parking lot just shortly before he was shot and killed. The shooting occurred when the men returned, and the owner again ordered them to leave. He was shot by an individual who had a gun inside of a brown paper bag. Several eyewitnesses saw the shooting, and other witnesses identified the defendant as one of the men that was in the parking lot. Another witness identified the defendant as a man who had a brown paper bag in his possession a short distance from the bar at about the time the shooting occurred.

I.

Identification

This case raises the problem which we are compelled to review in nearly every case: Was the identification procedure employed by the police proper when viewed in the light of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); and *Stovall v. Denno,*

388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)?

The police showed the eyewitnesses a number of unidentified photographs in an effort to identify the individuals who were in the parking lot. A number of witnesses identified the defendant's photograph. After the defendant was identified in the photographic displays, he was arrested and was then placed in a lineup, where he was represented by attorneys from the public defender's office. At the face-to-face lineup, the witnesses again identified the defendant.

When the case was tried, the trial court properly held an *in camera* hearing to determine the validity of the identification procedures and made the following findings:

(1) The photographs were shown to the witnesses during the investigative stage, rather than the accusatory stage.

(2) The photographic displays were conducted fairly and without improper suggestiveness.

(3) The lineups were proper and not tainted by anything that occurred before or during the lineups.

(4) Although the better practice might be to allow defense counsel to be present when the witnesses explained their identifications during their interviews with the police no constitutional rights were violated in this case.

(5) Each witness had a satisfactory basis for identifying the defendant independently of any of the photographic displays or the lineups conducted by the police.

Thereafter, identification testimony was presented to the jury with proper instructions. The procedure followed by the trial court was correct. *People v. Lovato,* 180 Colo. 446, 506 P.2d 361.

We have announced that photographic displays are proper investigation tools in causing an identification to be made, provided that the displays are not suggestive or otherwise improper. We are not persuaded that the defendant was denied the effective assistance of counsel when photographs were shown to various witnesses outside of the presence of his defense counsel. *People v. Knapp,* 180 Colo. 281, 505 P.2d 7 (1973); *People v. Barker,* 180 Colo. 28, 501

P.2d 1041 (1972); *Brown v. People,* 177 Colo. 397, 494 P.2d 587 (1972).

It is clear that counsel need not be provided at the investigative stage whether the lineup be photographic or otherwise. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *People v. Knapp, supra; People v. Barker, supra; Brown v. People, supra. See N. Sobel, Eye-Witness Identification: Legal and Practical Problems* (1972).

## II.
### Motion to Strike

The defendant predicates error on the fact that the trial court did not grant his motion to strike the testimony of a prosecution witness. The testimony in question was allegedly so blatantly inconsistent as to be unworthy of belief. The trial court denied the motion and properly instructed the jury on the credibility of the witnesses. It would have been error for the trial court to strike the testimony on the ground that there were inconsistencies in the testimony. The weight to be given the testimony, even though inconsistent, was for the jury. *E.g., Raullerson v. People,* 157 Colo. 462, 404 P.2d 149 (1965).

## III.
### Preliminary Hearing

The defendant in this case moved for a preliminary hearing. The motion was denied by the trial court, and the defendant now claims that constitutional error occurred when he was denied a preliminary hearing. Colo. Const., art. II, § 16. We find no constitutional error and point out that the Rules of Criminal Procedure which were applicable at the time did not require a preliminary hearing. Colo. R. Crim. P. 7(b)(3)(i). *Sergent v. People,* 177 Colo. 354, 497 P.2d 983 (1972); *Hervey v. People,* 178 Colo. 38, 495 P.2d 204 (1972); *DeBaca v. Trujillo,* 167 Colo. 311, 447 P.2d 533 (1968).

## IV.
### Incompetence of Counsel

The defendant also claims that the incompetence of

his trial counsel requires that we grant a new trial. The incompetence claimed arises out of defense counsel's failure to call certain witnesses that the defendant suggested. Defense counsel is responsible for trial strategy, and the defendant will not be heard to complain when trial strategy falls short of accomplishing an acquittal. *Morse v. People,* 180 Colo. 49, 501 P.2d 1328 (1972); *Steward v. People,* 179 Colo. 31, 498 P.2d 933 (1972). In this case, the record reflects that defense counsel quite adequately represented the defendant.

We have considered other errors which the defendant has asserted and find them to be without merit.

Accordingly, we affirm.

MR. JUSTICE KELLEY does not participate.