MR. JUSTICE ERICKSON
delivered the opinion of the Court.
The defendant was tried and convicted of aggravated robbery and conspiracy to commit aggravated robbery and has appealed. The appeal centers on errors which allegedly occurred in the use of the defendant’s pre-trial statements to impeach his trial testimony. We affirm.
The defendant and William Rezab were identified and charged with conspiracy and aggravated robbery after drugs were obtained from the Pencol drugstore with a pistol and accompanying threats.
The defendant’s contention was that he participated in the robbery as a result of threats and intimidation by Rezab. He was impeached with certain statements regarding other related crimes that he made to a police detective after his arrest and a full Miranda warning. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). No objection was made to the cross-examination, and the error was not preserved in a motion for a new trial. In our view, if error occurred, it did not constitute plain error and does not justify review. Crim. P. 52(b); People v. Barker, 180 Colo. 28, 501 P.2d 1041 (1972); see also Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594, 45 U.S.L.W. 4807 (1977) (contemporaneous objection necessary to protect record in federal habeas corpus proceeding).
The second issue relates to a statement that the defendant made to a psychiatrist after he interposed the plea of not guilty by reason of insanity. Section 16-8-107(1), C.R.S. 1973. (The plea was withdrawn prior to trial.) In the course of the defendant’s psychiatric examination, the defendant admitted that he had participated in the robbery, but that he was reluctant to do so, but did so because he was in need of drugs and owed Rezab a favor. He also admitted that he used the drugs after the robbery, contrary to his testimony in the trial court. The precise statutory provision in issue and the impeachment procedure which was followed was upheld by this court in People v. Pearson, 190 Colo. 313, 546 P.2d 1259 (1976) . When a defendant elects to fabricate testimony to effectively commit perjury, cross-examination for the purpose of impeachment is not narrowly limited. No license exists to commit perjury. See United States v. Wong, 431 U.S. 174, 97 S.Ct. 1823, 52 L.Ed.2d 231, 45 U.S.L.W. 4464 (1977) .
Accordingly, we affirm.
MR. JUSTICE GROVES does not participate.