The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gardy CONSTANT, Defendant-Appellant.

No. 78–805.

Colorado Court of Appeals, Div. II.

Aug. 7, 1980.

Rehearing Denied Aug. 21, 1980.

Certiorari Granted Feb. 2, 1981.

J. D. MacFarlane, Atty. Gen., William R. Rapson, Designated Counsel, Denver, for plaintiff-appellee.

Karp & Goldstein, Kenneth H. Stern, Denver, for defendant-appellant.

KELLY, Judge.

Gardy Constant appeals his conviction of second degree burglary, first degree sexual assault, and the finding that he committed a crime of violence. Constant argues that, even though there was no contemporaneous objection, remarks made by the prosecutor during his closing argument warrant reversal by this court. We reverse.

■ On five separate occasions during his rebuttal argument, the prosecutor referred to the defendant's demeanor and conduct at the defense table during the course of the trial. He attacked Constant's credibility by noting that the defendant laughed during the People's argument and during the testimony of the victim. Constant argues that these remarks were highly prejudicial and improperly referred to events which were outside of the record. We agree.

■ The defendant's behavior at the defense table is not evidence and, therefore, is an improper subject for comment in closing argument. *See People v. Sepeda*, 196 Colo. 13, 581 P.2d 723 (1978). The fact that a defendant has testified and placed his character in issue in no way expands the prosecutor's area of comment to include inferences based on events beyond the scope of the evidence.

The People argue, however, that absent contemporaneous objection, such prosecutorial comments are not so egregious as to constitute plain error. Under the circumstances of this case, we disagree.

■ Plain error, which may be noticed on appeal, although not raised before the trial court, is error which seriously affects substantial rights of the accused. Crim.P. 52(b); *People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972). Each case must be resolved based on the particular facts and issues presented. Upon a reading of the record, a determination must be made whether the error contributed to the defendant's conviction. *People v. Barker, supra.*

Here, the record shows that the complaining witness and the defendant each related an extraordinary account of the events, materially different on the essential question whether the complaining witness consented. Thus, the main question before the jury was which of these witnesses testified truthfully. Even the trial judge, in addressing the defendant at sentencing, declared that he would be the "first to admit that it was a close case." Under these circumstances, the improper argument attacked Constant's believability, making the remarks highly prejudicial. The prejudicial effect was augmented by the frequency of the remarks during the rebuttal argument which the defendant had no opportunity to meet.

■ The People argue that *People v. Sepeda, supra*, prescribes a "higher standard of prosecutorial misconduct" in order to constitute plain error. *Sepeda* is not susceptible to this construction. While the

court in *Sepeda* emphasizes that rarely will prosecutorial misconduct constitute plain error, the determination of whether the misconduct was plain error turns not on the nature of the misconduct but on the impact of the misconduct upon the result. *See People v. Barker, supra.* Thus, the more difficult the determination for the jury, the more wary the prosecutor must be that his conduct does not improperly influence the verdict, being ever mindful of his duty "to seek justice, not merely to convict." *People v. Walker,* 180 Colo. 184, 504 P.2d 1098 (1972).

We are cognizant of *People v. Ferrell,* Colo., 613 P.2d 324 (announced June 23, 1980), but regard it as distinguishable. There the comments by the prosecutor were not pervasive throughout the argument, and there was no indication that the remarks were egregious enough to affect the result.

■ Constant also argues that the evidence was insufficient to support the jury's verdict. Viewing the evidence as a whole and in the light most favorable to the prosecution, we have determined that it is sufficient to support the conclusion by a reasonable mind that the defendant was guilty of the charge beyond a reasonable doubt. *See People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

We have reviewed Constant's argument that the trial court erred in failing to exclude evidence that jewelry belonging to the victim and allegedly taken from her apartment was found in Constant's car, and find it to be without merit. *See People v. Anderson,* 184 Colo. 32, 518 P.2d 828 (1974).

In view of our conclusion, we need not address Constant's other assignment of error.

The judgment is reversed and the cause is remanded for a new trial.

SMITH, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting:

I believe that the conviction should be affirmed for two reasons. First, the nature of the defense—consent—and the testimony presented in support of it, taken with the defendant's demeanor in the courtroom, invited the comments by the prosecutor and thus should not be used as a basis for reversal. Secondly, in my view the remarks, taken in context, are not so damning as to constitute plain error. *See People v. Sepeda,* 196 Colo. 13, 581 P.2d 723 (1978), wherein it was stated that "rarely, if ever," are remarks made in argument "so egregious as to constitute plain error."

Even if the prosecutor's remarks constituted error, which conclusion I disagree with in the context of this case, the remarks are not plain error. Therefore, I would affirm the conviction.