### No. 27189

**The People of the State of Colorado v. Timothy Drew McAnally, and Patrick Ralph Brown**

(554 P.2d 1100)

Decided October 12, 1976.

Nolan L. Brown, District Attorney, Lynne M. Hufnagel, Deputy, T. W. Norman, Deputy, for plaintiff-appellant.

Nichols and Shinn, George J. Nicholls III, for defendant-appellee Timothy Drew McAnally.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Arthur S. Nieto, Deputy, for defendant-appellee Patrick Ralph Brown.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The people bring this interlocutory appeal, pursuant to C.A.R. 4.1, from an order of the Jefferson County District Court suppressing defendants' incriminating oral statements. We affirm the order of suppression.

Defendants Timothy Drew McAnally and Patrick Ralph Brown were both under eighteen years of age at all times material to this appeal. Each had previously been adjudicated a delinquent and both were committed to the Department of Institutions, having been confined at the Lookout Mountain School for Boys. They left this institution without permission on November 6, 1973, and allegedly committed criminal offenses while absent. Defendant Brown was apprehended by officers of the Lakewood Department of Public Safety on November 14, 1975, questioned, and returned to Lookout Mountain. Defendant McAnally was later apprehended by the same department on December 1, 1975, and returned to Lookout Mountain.

Lakewood officers subsequently questioned both defendants at the boys' school about offenses committed during their absence from the institution. Present at the interviews were two police officers and a counselor employed by Lookout Mountain. Each interrogation resulted in incriminating statements.

Thereafter, petitions in delinquency were filed against each defendant. After a transfer hearing, the court ordered that defendants be tried as adults. The district attorney then filed an information against defendants, charging felonious joyriding, second-degree burglary and aggravated robbery.

Defendants moved to suppress the statements implicating them in the crimes charged. After hearing, the district court granted defendants' motions. The People appeal the district court's ruling.

Our disposition of this appeal hinges on section 19-2-102(3)(c)(I), C.R.S. 1973, which provides:

"No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts alleged to have been committed by the child which would constitute a crime if committed by an adult shall be admissible in evidence against that child *unless a parent, guardian, or legal custodian of the child was present at such interrogation* and the child and his parent, guardian, or legal custodian were advised of the child's right to remain silent, that any statements made may be used against him in a court of law, the right of the presence of an attorney during such interrogation, and the right to have counsel appointed if so requested at the time of the interrogation; except that, if a public defender or counsel representing the child is present at such interrogation, such statements or admissions may be admissible in evidence even though the child's parent, guardian, or legal custodian was not present." (Emphasis added.)

It is clear that defendant Brown's statement of November 14, 1975, was properly suppressed. The People concede that no parent, guardian or legal custodian attended this interrogation. We find no merit in the People's suggestion that defendant's later transfer to adult court retroactively validated the November 14 interrogation.

The People urge that the statements gained through interrogations at Lookout Mountain should be admitted. The People argue that inasmuch as defendants were in the legal custody of the boys' school, the counselor present at each interrogation served as legal custodian and thereby satisfied section 19-2-102(3)(c)(I).

Our reading of the entire Children's Code, Title 19, C.R.S. 1973, persuades us otherwise. Numerous sections of this title use the term "legal custodian" in a way not consistent with the People's interpretation. *E.g.*, sections 19-1-106(1)(b), 19-2-103(2), 19-3-101(3)(b), and 19-3-103(8), where "legal custodian" obviously does not encompass a state

agency or employee thereof to which a delinquent child has been committed. A fair reading of these sections, and the Children's Code as a whole, indicates to us that the Department of Institutions, into whose control an adjudicated delinquent has been placed, is not a "legal custodian" for the purposes of the section in question.

This construction is in harmony with the legislative purposes of the Colorado Children's Code, as set forth in section 19-1-102. It is implicit that a child involved in the commission of an offense should be afforded protective counseling concerning his legal rights from one whose interests are not adverse to those of the child, to the end that any statements made by the child be given voluntarily, knowingly, and intelligently. Section 19-2-102(3)(c)(I) provides for the presence of an attorney, or the public defender, at the interrogation. Under the circumstances here, the counselors of the Lookout Mountain school cannot be considered the neutral counselors contemplated by the statute. *See People, Int. of L. B.*, 33 Colo. App. 1, 513 P.2d 1069.

We agree with the ruling of the trial court that defendants were not afforded the presence, at the time of their interrogation, of their legal custodians, as contemplated by the statute. Therefore, the statements, having been obtained in violation of the statutory requirement, were properly suppressed.

The ruling is affirmed.

MR. JUSTICE KELLEY does not participate.