## No. 27656

### The People of the State of Colorado v. Alphonso Allen Maes

(571 P.2d 305)

Decided November 15, 1977.

---

*The petitioner has appealed the dismissal to the court of appeals.

J. E. Losavio, Jr., District Attorney, Ted Malouff, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

In this interlocutory appeal, the district attorney challenges the trial court's order suppressing incriminating statements made to the police by defendant Maes, a juvenile. From our review of this record, we conclude that the trial court's suppression order was proper and therefore we affirm its ruling.

On January 10, 1977, the police department received a report of a burglary at a church in Pueblo, Colorado. During investigation, police officers arrested one of the participants who implicated the defendant and furnished information as to his location. The defendant was also wanted as a runaway from the Colorado Department of Institutions and as a suspect in another burglary. The police located and arrested the defendant.

Because the defendant was a juvenile, the police called upon Dewey Dodge, a Pueblo County Social Services caseworker, to act as his guardian and legal custodian before and during any interrogation of him by the police. This was done in an attempt to conform with the requirements of the Children's Code, which in section 19-2-102(3)(c)(I), C.R.S. 1973 states in pertinent part:

"No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts alleged to have been committed by the child which would constitute a crime if committed by an adult shall be admissible in evidence against that child unless a parent, guardian, or legal custodian of the child was present at such interrogation and the child and his parent, guardian or legal custodian were advised of the child's right to remain silent, that any statements made may be used against him in a court of law, the right of the presence of an attorney during such interrogation, and the right to have counsel appointed if so requested at the time of the interrogation; except that, if a public defender or counsel representing the child is present at such interrogation,

such statements or admissions may be admissible in evidence even though the child's parent, guardian, or legal custodian was not present."

After purportedly complying with the above statutory requirements, the police interrogated the defendant who made incriminating statements. Thereafter, in accordance with the transfer provisions of the Children's Code,[1] juvenile court jurisdiction was waived and second-degree burglary charges against the defendant were scheduled for trial as regular criminal cases. A motion to suppress defendant's statements was granted by the trial court on the ground that the requirements of the statute were not met by the presence of caseworker Dodge.

It is obvious from findings of fact that the trial court concluded that caseworker Dodge had no special interest in this defendant which would qualify him to act in the capacity of a parent, guardian, or legal custodian. We agree and hold that the clear purpose in enacting section 19-2-102(3)(c)(I) of the Children's Code is to afford a special protection to a juvenile who is in police custody because of alleged criminal acts. This special protection provides an additional and necessary assurance that the juvenile's Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel will be fully afforded to him. *See People v. Knapp*, 180 Colo. 280, 505 P.2d 7 (1973). Therefore, statements and admissions made to the police by a juvenile in the course of a criminal investigation are not admissible in evidence against a juvenile unless this special protection contemplated by the statute is provided. *People v. Reyes*, 174 Colo. 377, 483 P.2d 1342 (1971).

It is to be noted from the testimony of caseworker Dodge at the suppression hearing that he had not seen the defendant for eighteen months prior to the time he was called to the police station to be with the defendant for advice and counsel as contemplated by section 19-2-102(3)(c)(I). Caseworker Dodge also testified that he considered himself as "no more on the defendant's side than on the side of the public." His testimony strongly indicates that he had no special concern or interest in this juvenile. Rather, it demonstrates that he did not act in the capacity of a parental figure, a guardian, a legal custodian or as an attorney. A parent, a guardian, a legal custodian, or an attorney is expected to act "on the side" of the juvenile, and have his best interest uppermost in mind when called upon to be with a juvenile who is in police custody for alleged criminal activity. If the person appearing with a juvenile in the situation involved here is neutral or hostile, the juvenile is deprived of the protection afforded by the statute. *See In re K.W.B.*, 500 S.W.2d 275 (Mo. App. 1973); *State v. White*, 494 S.W.2d 687 (Mo. App. 1973). Caseworker Dodge, as indicated from his testimony, did not act in the capacity

---

[1]Sections 19-3-106(4)(b) and 19-3-108, C.R.S. 1973.

contemplated by the statute. Without effective representation, the waiver of constitutional rights should not be permitted to stand. The only effective means of implementing the purpose of the statute, in situations which parallel this case, is to appoint counsel. *See Commonwealth v. Hailey*, _____Pa._____, 368 A.2d 1261 (1977).

The facts here are somewhat analogous to those in *People v. McAnally*, 192 Colo. 12, 554 P.2d 1100 (1976) wherein we stressed that the state's policy, as expressed in sections 19-1-102 and 19-2-102(3)(c)(I) of the Children's Code, is to provide that a child, under the circumstances here, have the protection of being advised and counseled concerning his constitutional rights by someone whose interests are clearly with the child.

The trial court properly found that caseworker Dodge did not qualify as a person whose interest was clearly "on the side" of this juvenile.

Ruling affirmed.

MR. JUSTICE KELLEY dissents.