The PEOPLE of the State of Colorado,
Petitioner-Appellant,

In the Interest of G. L.,
Respondent-Appellee.

Nos. 79SA226, 79SA227.

Supreme Court of Colorado,
En Banc.

July 27, 1981.

J. E. Losavio, Jr., Dist. Atty., Tenth Judicial Dist., Stephen A. Jones, Deputy Dist. Atty., Pueblo, for petitioner-appellant.

Joe T. Ulibarri, Pueblo, for respondent-appellee.

DUBOFSKY, Justice.

The People appeal[1] the juvenile court's dismissal of two petitions to revoke the

---

1. The People's notice of appeal states that their appeal is from "the Juvenile Court's dismissal of Counts A and B of the Petition to Revoke Indefinite Probation as a matter of law...." *See* C.A.R. 1.

probation of the seventeen-year-old respondent child, G. L.[2] A deputy sheriff took G. L. into custody, questioned him, and searched G. L.'s automobile without advising G. L. of his *Miranda* [3] rights and without the presence of his parents as required by section 19–2–102(3)(c)(I), C.R.S.1973 (1978 Repl. Vol. 8). The court found the evidence insufficient to sustain the petitions once it excluded G. L.'s statement and evidence seized in the subsequent consent search of his automobile. We affirm.

The respondent had been placed on probation following an adjudication of delinquency based on several counts of burglary, theft and conspiracy alleged in two separate petitions filed in 1977 and early 1978. In October 1978, respondent was arrested by a sheriff's deputy for possession and sale of marijuana. The People then petitioned for revocation of G. L.'s probation in each of the earlier delinquency proceedings,[4] charging that on October 5, 1978, he dispensed dangerous drugs (marijuana) in violation of sections 12–22–404(1)(a) and 12–22–412(1), C.R.S.1973 (1978 Rep. Vol. 8) (the dispensing charge) and on October 6, 1978, he possessed less than one ounce of marijuana in violation of section 12–22–404(1)(*l*) and section 12–22–412(12)(a), C.R.S.1973 (1978 Repl. Vol. 8) (the possession charge).

In support of the dispensing charge, Donald Quintana, a fifteen-year-old student at Pueblo County High School, testified that the respondent and Paul Martinez had supplied LeVar Rivera with a marijuana cigarette. Rivera gave the cigarette to Quintana. The high school's assistant principal confiscated the cigarette from Quintana on the afternoon of October 5, 1978. Quintana also testified that Martinez had offered to sell him marijuana; that G. L. was seated

in Martinez' truck; and that he thought marijuana was sold from the glove compartment of Martinez' truck.[5]

The next morning, G. L. was called to the office of the assistant principal where a deputy sheriff took him into custody and, without advising him of his *Miranda* rights and out of the presence of his parents, questioned him about selling marijuana. G. L. denied that he had anything to do with the sale of marijuana, but he admitted that he had some marijuana in his car for his own use. After G. L. consented to the search of his car, the deputy sheriff retrieved less than a quarter ounce of marijuana from the glove compartment.

On November 15, 1978, the respondent filed a motion to suppress his statement and the evidence seized from the car. The court did not hear the motion until the probation revocation hearing on April 27, 1979. The court initially denied the suppression motion, but after presentation of most of the evidence and a week-long recess, reconsidered its denial and suppressed the statement and the marijuana because the deputy sheriff had not complied with section 19–2–102(3)(c)(I), C.R.S.1973 (1978 Repl. Vol. 8), before interrogating G. L. The trial court then ruled that, without the suppressed evidence, the People's evidence was insufficient to support a revocation of probation and dismissed the petitions.

### A.

On appeal, the People contend that section 19–2–102(3)(c)(I), C.R.S.1973, does not apply in probation revocation proceedings. The People also contend that the trial court erred in dismissing the petitions. We disagree with both contentions.

Section 19–3–117(3)(c), C.R.S.1973 (1978 Repl. Vol. 8), provides:

---

**2.** The Colorado Children's Code (Children's Code) defines "child" as "a person under eighteen years of age." Section 19–1–103, C.R.S. 1973 (1978 Repl. Vol. 8).

**3.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**4.** The People consolidated their appeals from the trial court's dismissal of both petitions.

**5.** The testimony of Quintana, the only witness called by the People on the dispensing charge, was so inherently contradictory that the district attorney himself impeached it.

"When the child has been taken into custody because of the alleged violation [of the terms and conditions of his probation], the provisions of sections 19–2–102 and 19–2–103 shall apply."

The relevant portion of section 19–2–102 is subsection (3)(c)(I), which provides:

"No statements or admissions of a child made as a result of interrogation of the child by a law enforcement official concerning acts alleged to have been committed by the child which would constitute a crime if committed by an adult shall be admissible in evidence against that child unless a parent, guardian, or legal custodian of the child was present at such interrogation and the child and his parent, guardian, or legal custodian were advised of the child's right to remain silent, that any statements made may be used against him in a court of law, the right of the presence of an attorney during such interrogation, and the right to have counsel appointed if so requested at the time of the interrogation; except that, if a public defender or counsel representing the child is present at such interrogation, such statements or admissions may be admissible in evidence even though the child's parent, guardian or legal custodian was not present." [6]

 The purpose of section 19–2–102(3)(c)(I) is to provide a child with parental guidance during police interrogation, and to ensure that any waiver of the child's Fifth Amendment rights against self-incrimination and Sixth Amendment right to counsel will be made knowingly and intelligently. *People v. Saiz*, Colo., 620 P.2d 15 (1981); *People v. L. A.*, Colo., 609 P.2d 116 (1980); *People v. Hayhurst*, 194 Colo. 292, 571 P.2d 721 (1977); *People v. Maes*, 194 Colo. 235, 571 P.2d 305 (1977); *People v. Knapp*, 180 Colo. 280, 505 P.2d 7 (1973). Section 19–3–117(3)(c) clearly extends this protection to a child who is taken into custody for acts which may violate the terms and conditions of his probation. It follows

that evidence obtained in violation of section 19–2–102(3)(c)(I) may not be admitted in a probation revocation proceeding.

**B.**

However, the People deny that the statements elicited from G. L. and the marijuana taken from the glove compartment of his car were obtained in violation of section 19–2–102(3)(c)(I). Because we disagree with this premise, we conclude that the statements and marijuana were properly suppressed by the trial court.

 Section 19–2–102(3)(c)(I) applies whenever a child is in temporary custody or under detention as those terms are used in the Children's Code. *People v. Saiz, supra; People v. L. A., supra; People v. Maes, supra; People in the Interest of L. B.*, 33 Colo.App. 1, 513 P.2d 1069 (1973). Under the Children's Code, a law enforcement officer may take a child into temporary custody "[w]hen there are reasonable grounds to believe that he has committed an act which would be a felony ... if committed by an adult." Section 19–2–101(1)(a), C.R.S.1973 (1978 Repl. Vol. 8). It is not disputed that the deputy possessed probable cause to take G. L. into custody. Moreover, the deputy admitted that he questioned the respondent while he was in custody without having first advised him of his *Miranda* rights and out of the presence of his parents. This testimony is tantamount to a concession that G. L.'s statements were taken in violation of the statute.

Although the text of section 19–2–102(3)(c)(I) authorizes the suppression only of "statements" or "admissions" made by a child during custodial interrogation, we have excluded as "fruit of the poisonous tree" tangible evidence obtained by the exploitation of statements elicited in violation of the statute. *People v. Saiz, supra.* See also *People v. Lee*, Colo., 630 P.2d 583 (1981); *People v. Reyes*, 174 Colo. 377, 483

---

**6.** The United States Supreme Court has not specifically applied the safeguards in *Miranda v. Arizona, supra*, to the juvenile process. However, in 1967 the Colorado General Assembly enacted section 19–2–102(3)(c)(I) implementing the *Miranda* safeguards during the investigative stage of juvenile proceedings. *See* Davis, *Rights of Juveniles* § 3.12 at 3–51 (1980).

P.2d 1342 (1971) [1967 Perm.Supp., C.R.S. 1963, 22–2–2(3)(c), the predecessor of section 19–2–102(3)(c)(I), applies to the waiver of Fourth Amendment rights]; *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1968). Because the marijuana seized from G. L.'s glove compartment was discovered as a direct result of his admission that he had some marijuana in his car and because his admission was elicited in violation of section 19–2–102(3)(c)(I), the trial court correctly suppressed both the marijuana and G. L.'s statements.

### C.

 The probation revocation hearing began on Friday, April 27, 1979. At the outset, the trial court denied the respondent's motion to suppress G. L.'s statements and the marijuana taken from his car. At the close of the People's case, the trial court denied the respondent's motion to dismiss the charges. The respondent called two witnesses and then took the witness stand. At the end of the respondent's testimony the court recessed the hearing for one week without affording the prosecution an opportunity to cross-examine the respondent. When the hearing reconvened a week later, the trial court reversed its earlier order denying suppression and then ruled that the evidence was insufficient to prove the alleged violation of probation.[7]

The People contend that the evidence was sufficient to support a finding that G. L. violated his probation; that if the evidence of possession was insufficient because G. L.'s statements and marijuana seized from his car had been suppressed, the remaining evidence was sufficient to prove the allegation of dispensing; and that the trial court erred in not allowing the People to cross-examine the respondent.

7. The standard of proof required in juvenile probation revocation hearings is proof beyond a reasonable doubt of violations based upon alleged acts which would constitute crimes if done by an adult. *People in the Interest of C. B.*, Colo., 585 P.2d 281 (1978).

8. The right of cross-examination is basic. *Carsell v. Edwards*, 165 Colo. 335, 439 P.2d 33

When the court reconsidered and reversed its earlier suppression ruling and concluded that, absent the suppressed evidence, the People had failed to meet their burden of proof, dismissal of the probation revocation petitions became mandatory. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973); *People v. Rutt*, 179 Colo. 180, 500 P.2d 362 (1970); *see also* Crim.P. 29(a). No legitimate purpose could have been served by permitting the People to cross-examine the respondent or adduce additional evidence.[8] Our review of the record leads us to conclude that the trial court did not err in finding the evidence insufficient to justify revocation of G. L.'s probation. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

Judgment affirmed.

(1968). However, where, as here, the effect of the court's ruling is to grant the respondent's motion to dismiss the petitions for revocation at the close of the prosecution's case, the respondent's direct testimony and hence the right to cross-examine the respondent, become irrelevant.