The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Anthony CUNNINGHAM,
Defendant-Appellant.

No. 82CA1157.

Colorado Court of Appeals,
Div. II.

Nov. 10, 1983.

Rehearing Denied Dec. 8, 1983.

Certiorari Denied March 26, 1984.

Duane Woodard, Atty. Gen., Norman S. Early, Jr., Dist. Atty., Brooke Wunnicke, Deputy Dist. Atty., Designated Counsel, Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Anthony Cunningham, appeals the judgment of conviction entered by the Denver District Court of guilty to first degree sexual assault. Defendant, who was seventeen at the time of the conviction, contends that the district court erred when it denied his motion to dismiss made prior to his entry of the plea. The motion alleged that the district court lacked jurisdiction under § 19–1–104(4)(b)(II), C.R.S.1973

(1978 Repl.Vol. 8) because defendant's prior delinquency adjudication was void. We disagree and, therefore, affirm.

Defendant's prior delinquency adjudication occurred as a result of a petition filed on June 23, 1980, in Mesa County Juvenile Court alleging that defendant was a delinquent child in that he had committed a number of burglaries and thefts, acts which if committed by an adult would have been crimes.

At the time of the alleged acts, and thereafter, the Mesa County Department of Social Services was acting *in loco parentis* for defendant, the parental rights of his natural parents having been terminated in 1970, and the Department having been appointed as his custodian. Joyce Seuferer, defendant's social worker, and an employee of the Department, was present at the initial hearing held on June 23, and all subsequent hearings in the juvenile court.

At the initial hearing, the court advised defendant and Ms. Seuferer that, pursuant to C.R.J.P. 3(a), defendant was alleged to be a delinquent child and explained the nature of burglary and theft. The juvenile court also advised defendant of his rights to remain silent, to counsel, and to trial by jury, and advised him of the prosecution's burden of proof, possible penalties upon an adjudication of delinquency, the right to compulsory process, and the right to discovery. Defendant responded affirmatively when asked whether he understood each of these advisements. Admittedly, defendant was not represented by counsel at this initial advisement hearing, and the participation of Ms. Seuferer in the advisement was minimal.

When defendant stated that he could not afford an attorney the court responded that it would appoint an attorney. At that point Ms. Seuferer reminded the court that it had already appointed an attorney to represent defendant in an unrelated matter concerning contact with his family. The court thereupon appointed that same attorney to represent defendant in the delinquency proceeding.

Defendant next appeared in juvenile court on June 26, 1980, with his attorney, and Ms. Seuferer. After conducting an extensive providency hearing, pursuant to C.R.J.P. 3(c), the court accepted defendant's admission of guilt as to one burglary count of the petition in exchange for the dismissal of the remaining counts, and committed defendant to the Department of Institutions for an indeterminate period not to exceed two years.

The instant case was commenced when, on January 14, 1982, the Denver District Court granted the district attorney's motion pursuant to § 19-1-104(4)(b)(II), C.R.S. 1973 (1978 Repl.Vol. 8) to allow a direct filing of a felony information against defendant. The trial court denied defendant's motion to dismiss, and this appeal ultimately followed. That information charged him with second degree burglary, first degree sexual assault, menacing, and a crime of violence. Defendant filed motions to dismiss alleging, *inter alia*, that the district court lacked jurisdiction inasmuch as the prior delinquency adjudication was void because of the juvenile court's failure to comply with the manates of C.R. J.P. 3(a).

After a hearing, the court denied the motions to dismiss. It first rejected defendant's contention that, based on the rationale of *People v. McAnally*, 192 Colo. 12, 554 P.2d 1100 (1976), it was improper for the Mesa County Department of Social Services (Ms. Seuferer) to have acted as defendant's legal custodian for purposes of C.R.J.P. 3, thus rendering the prior juvenile adjudication void.

The district court concluded that Ms. Seuferer's interests were not adverse to defendant's interests in the juvenile proceeding, and that although she did not take a particularly active role in the advisement hearing, defendant had failed to demonstrate "by any standard of proof" that such failure jeopardized him in any way. It ruled that "in the absence of such proof, the Court must conclude that Ms. Seuferer was acting in the defendant's best interests in not aggressively asserting herself into

the decision." Finally, the court found and concluded that defendant's admission of the allegations of the delinquency petition had been made voluntarily, knowingly, and intelligently.

## I.

■ We disagree with defendant's assertion premised on the rationale of *People v. McAnally, supra,* that the Department of Social Services, as an institutional custodian, and its agent, Ms. Seuferer, could not act as his legal custodian for purposes of C.R.J.P. 3. The inherent adverse nature of the relationship between the delinquent in *People v. McAnally, supra,* and the Department of Institutions, under whose control he had been placed, is not present in the relationship between a child and the Department of Social Services which is acting as his custodian because of a termination of parental rights. Accordingly, we hold that the Department of Social Services could, and did, properly act on defendant's behalf as his legal custodian. *Cf. People v. Maes,* 194 Colo. 235, 571 P.2d 305 (1977).

Although there was no error here, it should be borne in mind that there are certain circumstances in which the additional appointment of a guardian ad litem might serve the child's best interests. *See* § 19-3-105(1), C.R.S.1973 (1982 Cum. Supp.). *See also People v. Maes, supra.*

## II.

Defendant next contends that because of the minimal nature of Ms. Seuferer's participation, the plea which resulted in his prior juvenile adjudication should be set aside. Again, we disagree.

It is essential under C.R.J.P. 3 that a child *must* be accompanied by a parent, guardian, or other legal custodian at all court appearances. As stated in *People in Interest of J.F.C.,* 660 P.2d 7 (Colo.App. 1982), this requirement has as its purpose:

"to assure the juvenile is provided with parental guidance and moral support as well as some assurance that any waiver

of the juvenile's rights is made knowingly and intelligently."

Defendant argues that to achieve this necessary degree of parental involvement in the delinquency proceedings the court must personally inquire of the parent or custodian in order to assure itself of that adult's understanding of the nature of the proceedings and of all of the child's rights. He argues that only through actual interaction on the record between the juvenile court and the adult can the mandate of C.R.J.P. 3(a) be complied with.

■ We decline to adopt a rule that any admissions or waivers made by the child are void as a matter of law unless such a colloquy has taken place. We agree that questioning of the adult may well be of help to the court in determining that such adult understands the nature of the accusations and the rights of the child. However, the decision whether such examination is necessary and the scope and extent thereof is one for the trial court to make.

The record before us discloses that Ms. Seuferer was a trained social worker with experience in the juvenile court. It was undisputed that less than a month prior to her appearance with defendant on June 23, she had prepared for the court a summary social history of defendant and that she was familiar with him, as well as his background and history. It is, however, not necessary for us to determine whether these factors are sufficient for the court to have reached the conclusion that she understood defendant's rights and the charges against him inasmuch as he has not argued on appeal that she lacked such understanding. Rather, he asserts that her lack of aggressive participation in the proceedings demonstrated that he was without parental guidance and moral support to such an extent that his admissions and waivers were not knowingly and intelligently made.

■ We held in *People in Interest of J.F.C., supra,* that in determining whether there has been a valid waiver of rights, the factual circumstances of each case must be examined, that is, the "totality of circum-

stances" test is applied as announced in *People v. Thorpe,* 641 P.2d 935 (Colo.1982). In *People in Interest of J.F.C., supra,* we upheld the trial court's denial of J.F.C.'s motion to withdraw his admission to the petition. There, J.F.C. was age sixteen at the time he admitted guilt to the charges, he conceded that he had had previous contacts with the juvenile court, and he did not assert that he had any meritorious defense to the charge. *See Lucero v. People,* 164 Colo. 247, 434 P.2d 128 (1967). Considering these factors, we concluded that no reversible error had occurred even though J.F.C.'s parent was obviously confused at the time of the C.R.J.P. 3 advisement.

■ The case before us now contains certain of the same facts. Defendant was also age sixteen at the time of his admissions and waivers, and he likewise had had previous experience with the juvenile court. Nor has he asserted that he has any meritorious defense to the juvenile charges.

We conclude that defendant has failed to demonstrate by any standard of proof that his prior juvenile delinquency adjudication was conducted improperly. His admission of guilt was made knowingly and voluntarily in the presence of his legal custodian and his attorney. The trial court's action in accepting that plea, in the absence of clear evidence to the contrary, is presumed to have been a proper discharge of the court's duty. *City of Colorado Springs v. District Court,* 184 Colo. 177, 519 P.2d 325 (1974).

We conclude, therefore, that the trial court had jurisdiction under § 19–1–104(4)(b)(II) to proceed with the felony charges against the defendant.

Judgment affirmed.

ENOCH, C.J., and STERNBERG, J., concur.