The PEOPLE of the State of Colorado, Petitioner–Appellee,

In the INTEREST OF S.A.R., III, a Child, Appellant.

No. 92CA0488.

Colorado Court of Appeals, Div. V.

Feb. 25, 1993.

Rehearing Denied March 25, 1993.

Certiorari Denied Oct. 18, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Katherine M. Clark, Asst. Atty. Gen., Denver, for petitioner-appellee.

David F. Vela, Colorado State Public Defender, Denver, Lindy Frolich, Deputy State Public Defender, Golden, for appellant.

Opinion by Judge BRIGGS.

S.A.R., III, a juvenile, appeals the judgment adjudicating him to be a delinquent entered on a jury verdict finding him to have committed acts that would constitute felony menacing and second degree assault and determining him to be a violent juvenile offender. We affirm.

During the juvenile's trial and the sentencing hearing no parent, guardian, or legal custodian was present, although he was represented by counsel. The juvenile waived his right to testify during the trial.

On appeal, the juvenile contends that the absence of a parent or guardian at his trial requires reversal of the judgment, particularly in light of his waiver of his right to testify. We disagree.

At the *first* appearance before the court, a child and his or her parent, guardian, or other legal custodian must be fully advised of the child's rights. C.R.J.P. 3(a). However, the Colorado Rules of Juvenile Procedure do not require that a child must be accompanied by a parent, guardian, or legal custodian at *all* proceedings. In this case, the juvenile was accompanied by his mother at his first appearance.

This court has acknowledged the importance of a parent, guardian, or other legal custodian accompanying a juvenile at all court appearances. *People v. Cunningham*, 678 P.2d 1058 (Colo.App.1983). We have further recognized that the presence of a parent can be of critical significance in any knowing and intelligent waiver of a constitutional right by a juvenile. *People in Interest of J.F.C.*, 660 P.2d 7 (Colo.App. 1982). In each of these prior cases, however, whether a parent *must* accompany the juvenile at all court proceedings was not the issue to be resolved. Rather, these cases concerned the quality of the support given by the adults who did, in fact, accompany the juveniles.

It is significant that in both *Cunningham* and *J.F.C.*, the juveniles had, as is not uncommon, no legal representation at the initial proceedings. Indeed, the cases cited by the court in *J.F.C.* to support its holding regarding the importance of the presence of the parent construe the statutory requirement that a parent be present during interrogation of a juvenile, a proceeding at which a juvenile is seldom represented by an attorney. *See* § 19–2–210, C.R.S. (1992 Cum.Supp.). We decline to hold that a juvenile's waiver of rights during trial, adjudication of delinquency, or sentencing is necessarily invalid if a parent, guardian, or legal custodian is not present.

As noted in *Cunningham*, in determining whether a waiver of rights is valid, the factual circumstance of the case must be examined. Facts to be considered include the age and intelligence of the juvenile and his prior experience with the juvenile justice system. *People v. Cunningham, supra.*

Here, the juvenile at trial was just four days short of his 16th birthday, and of average intelligence. He had at least two prior encounters with the juvenile justice system. He was actively represented by counsel, who obtained a brief adjournment to discuss the advisement with him, he received a comprehensive advisement from the court, and he was specifically asked if he had discussed his right to testify with his family, to which he responded in the affirmative. The record does not indicate that the trial was otherwise fundamentally unfair. Thus, viewing the totality of circumstances, we find that the juvenile's waiver of his right to testify was knowing, voluntary, and intelligently made and, thus, valid, and that the juvenile has shown no violation of any statutory or constitutional right by the absence of a parent, guardian, or legal custodian at trial and sentencing.

The judgment is affirmed.

RULAND and ROTHENBERG, JJ., concur.