The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Christopher T. SIMPSON,
Defendant–Appellant.

No. 00CA0475.

Colorado Court of Appeals,
Div. V.

June 21, 2001.

As Modified on Denial of Rehearing
Oct. 25, 2001.

As Corrected Feb. 13, 2002.

Certiorari Granted July 22, 2002.

Ken Salazar, Attorney General, John D. Seidel, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Kurt A. Metsger, Denver, CO, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Christopher T. Simpson, appeals from the trial court's order denying his Crim. P. 35(c) motion. We reverse and remand.

This conviction arose out of an altercation between defendant, a seventeen-year-old juvenile, and another juvenile while both were incarcerated at a detention facility. The oth-

er juvenile apparently provoked defendant and struck him first. A fight ensued, and officers attempted to intervene. Defendant grabbed a chair and swung it at the juvenile, hitting an officer on the hand.

Defendant was charged with second degree assault on a peace officer. Pursuant to § 19-2-517(1)(a)(IV), C.R.S.2000, the People filed an information directly in the district court, subjecting defendant to prosecution as an adult.

At defendant's arraignment, the trial court advised him of the right to counsel pursuant to Crim. P. 5. Defendant indicated to the court that he planned to obtain counsel; however, at a subsequent appearance he notified the court that he intended to proceed *pro se.*

At the providency hearing, the trial court advised defendant of his right to counsel and his forfeiture of various constitutional rights, including the right to an attorney, as a consequence of pleading guilty. Defendant responded that he understood these rights and that he desired to waive them. Thereafter, defendant entered a plea of guilty. However, defendant was neither represented by counsel nor was any parent, guardian, or other interested adult present at the providency hearing.

The trial court sentenced defendant to twelve years in the Department of Corrections (DOC) to be served consecutively to a sentence he was already serving.

Defendant filed a Crim. P. 35(c) motion claiming that the absence of a parent, guardian, or guardian ad litem (GAL) at the providency hearing rendered the plea invalid and that his constitutional rights were not waived knowingly and voluntarily. The trial court, however, disagreed and denied the motion.

## I. Validity of Guilty Plea

■ Relying upon § 19-2-511(1), C.R.S. 2000, of the Children's Code, defendant contends that the trial court erred in failing to vacate his guilty plea because the absence of a parent, guardian, or guardian ad litem (GAL) at the plea hearing rendered the plea invalid. We disagree.

Section 19-2-511(1) expressly requires parental presence at a custodial interrogation, and failure to comply with this requirement results in the inadmissibility of incriminating statements. *Nicholas v. People,* 973 P.2d 1213, 1219 (Colo.1999).

However, this appeal does not involve suppression of statements or waiver of counsel at an interrogation; rather, it involves the validity of defendant's guilty plea. Because the plain language of § 19-2-511(1) only refers to procedures which must be followed to ensure the admissibility of a juvenile's statements made during a custodial interrogation, we proceed no further with this contention. We agree with the trial court that the statute is not applicable here. *See People v. Rea,* 7 P.3d 995, 998 (Colo.App.1999).

## II. Knowing and Voluntary Waiver

However, we do agree with defendant's contention that the trial court erred in failing to set aside his guilty plea because he did not enter it knowingly and voluntarily.

■ A presumption of validity attaches to a judgment of conviction. *People v. Vigil,* 983 P.2d 805 (Colo.App. 1999).

■ In adult criminal proceedings, the Fourteenth Amendment's due process clause requires the court to determine whether a defendant knowingly and voluntarily entered a valid guilty plea. *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969); *People v. Schneider,* 25 P.3d 755 (Colo.2001); *People v. Weed,* 830 P.2d 1095, 1097 (Colo.App.1991).

■ Juveniles are equally "entitled to rely upon the guarantee of fundamental fairness inherent in the due process clauses of the federal and Colorado constitutions when asked to admit the commission of criminal acts." *People v. M.A.W.,* 651 P.2d 433, 436 (Colo.App.1982); *see also In re Gault,* 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527, 548 (1967)(extending due process protection, such as right to counsel, to juveniles). As with adults, a juvenile's guilty plea is only valid if it is entered knowingly and voluntarily. *People v. Cunningham,* 678 P.2d 1058, 1061 (Colo.App.1983).

The Supreme Court has expressed special concern for protecting the constitutional rights of juveniles in criminal proceedings due to their immaturity and limited mental capacity to understand their legal rights. *See In re Gault,* 387 U.S. at 55, 87 S.Ct. at 1458, 18 L.Ed.2d at 561 (if counsel is not present in custodial interrogation involving juvenile, "the greatest care must be taken to assure that the admission was voluntary, in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair"); *Gallegos v. Colorado,* 370 U.S. 49, 54, 82 S.Ct. 1209, 1212–13, 8 L.Ed.2d 325, 329 (1962)(where juvenile subjected to custodial interrogation without parent or counsel, "[h]e cannot be compared with an adult in full possession of his senses and knowledgeable of the consequences of his admissions.... A lawyer or an adult relative or friend could have given the petitioner the protection which his own immaturity could not. Adult advice would have put him on a less unequal footing with his interrogators."); *Haley v. Ohio,* 332 U.S. 596, 599–600, 68 S.Ct. 302, 303–04, 92 L.Ed. 224, 228 (1948)(in finding that fifteen-year-old did not knowingly and voluntarily waive right to counsel, Court stated, "[w]hat transpired would make us pause for careful inquiry if a mature man were involved. And when, as here, a mere child—an easy victim of the law—is before us, special care in scrutinizing the record must be used.... He needs counsel and support if he is not to become the victim first of fear, then of panic.").

█ Similarly, it is well recognized in Colorado, both in civil and criminal law, that juveniles are presumed to have less capacity than adults to understand their rights and privileges. *See, e.g.,* Colo. Const. art. VII, § 1 (person under eighteen has no right to vote); § 13–22–101, C.R.S.2000 (person under eighteen does not have competence to enter into contracts, to manage estates, to sue and be sued, or to make decisions regarding his or her own body, such as donating blood or organs); § 14–2–106(1)(a)(I), C.R.S.2000 (person under eighteen needs to obtain parental consent before receiving marriage license); § 19–2–511(1), (juveniles subjected to custodial interrogation required to

have parent or guardian present before waiving right to counsel); C.R.J.P. 3(a) (advisement for juveniles entering plea requires presence of a parent or guardian at initial appearance); *Nicholas,* 973 P.2d at 1219 (recognizing that children have less capacity than adults to understand legal rights and therefore need special assistance).

In acknowledging this special need to protect a juvenile's legal rights, additional safeguards, such as the mandatory presence of a parent, guardian, or counsel, have been established or recommended to ensure that a juvenile knowingly and voluntarily waives his or her constitutional rights. *Model Rules for Juvenile Courts* RULE 39 (1969)(advocating that waiver of right to counsel be made in the presence of parent, guardian or custodian); Institute of Judicial Administration—American Bar Association, *Juvenile Justice Standards Annotated* §§ 3.6, 3.7, 5.1, 6.1, 6.2 (ROBERT E. SHEPARD, Jr. ed., 1996) (recommending that the right to counsel not be waivable, that only mature juveniles may waive other rights after consultation with both counsel and parent, and that a juvenile court not accept a guilty plea unless juvenile has been given effective assistance of counsel and court inquires from parents who are present in court whether they concur in the plea decision); Penelope Alysse Brobst, *The Court Giveth and the Court Taketh Away: State v. Hernandez—Returning Louisiana's Children to an Adult Standard,* 60 La. L.Rev. 605, 614 n. 81 (2000)(noting that thirteen states require parental presence in custodial interrogations); *Minnesota Supreme Court Advisory Task Force on the Juvenile Justice System: Trial Report January 1994,* 20 Wm. Mitchell L.Rev. 595, 605–06 (1994)(recommending mandatory counseling for juveniles charged with felonies prior to waiver of counsel or entry of plea and procedures to promote parent's or guardian's participation in these decisions); *see—also* Wallace J. Mlyniec, *A Judge's Ethical Dilemma: Assessing a Child's Capacity to Choose,* 64 Fordham L.Rev. 1873, 1909 (1996)(based on child development theories, recommending that courts engage in an "informed consent dialogue" with juveniles to determine wheth-

er they are in fact knowingly and voluntarily waiving their constitutional rights).

▪ With respect to the validity of a guilty plea for an adult, Crim P. 11 prescribes procedures that a court must follow to assure that constitutional requirements are met. An affirmative showing of compliance with Crim. P. 11 is generally sufficient to satisfy due process. *People v. Drake*, 785 P.2d 1257, 1268 (Colo.1990); *People v. Chippewa*, 713 P.2d 1311, 1313 (Colo.App.1985), *aff'd*, 751 P.2d 607 (Colo.1988).

▪ Although no formalistic litany is required before a court may accept a plea of guilty, the record as a whole must demonstrate the trial court has made the defendant aware of his or her various rights and explain the critical elements in terms understandable to the defendant. Whether an advisement is sufficient depends on factors such as the complexity of the charges, the personal characteristics of the defendant, and whether the defendant is represented by counsel. See *People v. District Court*, 868 P.2d 400 (Colo. 1994).

While Crim. P. 11 procedures have been deemed constitutionally sufficient to protect adult defendants, more has been required for juveniles. *Fare v. Michael C.*, 442 U.S. 707, 725, 99 S.Ct. 2560, 2572, 61 L.Ed.2d 197, 212 (1979). The standards "guaranteeing the juvenile's constitutional rights" when entering a guilty plea are codified in C.R.J.P. 3. Although substantially equivalent to Crim. P. 11, C.R.J.P. 3 specifically requires that both the juvenile and his or her parents be fully advised by the court and that they understand the applicable constitutional rights. *People in Interest of J.F.C.*, 660 P.2d 7, 8 (Colo.App.1982).

▪ Requiring adult presence at an initial appearance is of "critical significance to any knowing and intelligent waiver of a constitutional right by a juvenile." *People in Interest of S.A.R.*, 860 P.2d 573, 573 (Colo. App.1993); *J.F.C.*, 660 P.2d at 8. The presence of a parent or guardian at a juvenile's providency hearing assures the court that the juvenile is provided with parental guidance and moral support, as well as some assurance that any waiver of the juvenile's rights will

be made knowingly and intelligently. *Cunningham*, 678 P.2d at 1060; *J.F.C.*, 660 P.2d at 8; *see People v. Thorpe*, 641 P.2d 935, 941 (Colo.1982)(consultation with juvenile's mother considered in determining whether juvenile waived right to counsel).

Similarly, advice of and representation by counsel have been recognized by the Colorado General Assembly as a "critical element" in the effective representation of minors. *See* § 13–91–102(1)(a), C.R.S.2000 (legislative declaration in reference to the establishment of the Office of the Child's Representative). Defense counsel facilitates a more effective waiver of a juvenile's rights by objectively informing and advising the juvenile and the parent. *See* Institute of Judicial Administration American Bar Association, *Juvenile Justice Standards: Pre Trial Court Proceedings* § 5.1 commentary (1980) (discussing reasons for advocating nonwaivable mandatory counsel for juveniles).

▪ We disagree with the People's contention that the plea here was valid because the trial judge neutrally advises juvenile defendants as to the consequence of various choices and therefore serves as an adequate substitute for a parent, guardian, or attorney. Because of that very neutrality, the trial court cannot provide the same support and guidance to the defendant as would a parent, guardian, or an attorney. *Cf. People v. Arguello*, 772 P.2d 87 (Colo. 1989) (defendant has right to self representation, but trial court should engage in careful inquiry of defendant to assure that defendant is capable of representing himself or herself.)

▪ As it does with an adult's plea, the court must evaluate the "totality of circumstances" to determine whether a juvenile knowingly and voluntarily entered a plea. *Fare*, 442 U.S. at 725, 99 S.Ct. at 2572, 61 L.Ed.2d at 212 ("We discern no persuasive reasons why any other approach [other than totality of circumstances] is required where the question is whether a juvenile has waived his rights, as opposed to whether an adult has done so."); *see Nicholas*, 973 P.2d at 1222 (Kourlis, J., dissenting)(noting that the majority and dissent agree that Colorado law does not preclude a juvenile from ever waiv-

ing his or her right to counsel and that a totality of circumstances analysis adequately protects Fifth Amendment rights of juveniles); *Thorpe,* 641 P.2d at 940; *Cunningham,* 678 P.2d at 1060–61.

Contrary to the People's contention, the application of a totality of the circumstances test does not leave trial courts facing a juvenile's request to plead guilty "wondering what facts they must consider outside of the requirements of Crim. P. 11." The *Nicholas* court applied a totality of the circumstances test to a juvenile's waiver of the right to counsel. Similarly, trial courts apply a totality of the circumstances test in various other contexts as well. *See People in Interest of J.L.M.,* 8 P.3d 435 (Colo. 1999) (totality of circumstances test used to determine validity of juvenile's statement allegedly obtained in violation of his rights under *Miranda v. Arizona*); *People v. Paquin,* 811 P.2d 394 (Colo. 1991) (whether an affidavit based on information provided by confidential informant satisfies constitutional standard of probable cause must be evaluated on basis of totality of circumstances test); *People v. Staten,* 746 P.2d 1362 (Colo.App. 1987) (totality of circumstances test used to determine reliability of witness' out of court identification of defendant).

■■■ In ensuring an effective waiver of constitutional rights by a juvenile at a providency hearing, and applying a totality of circumstances test, the trial court must consider such factors as the juvenile's age, previous court experience, education, background, intelligence, and capacity to understand the nature of his or her rights and the consequences of waiving those rights. *Fare,* 442 U.S. at 725, 99 S.Ct. at 2572, 61 L.Ed.2d at 212; *see S.A.R.,* 860 P.2d at 574; *J.F.C.,* 660 P.2d at 9. In addition, a significant factor the court must consider is whether the juvenile had the opportunity to consult with a parent, guardian, or counsel before entering a plea or whether such person accompanied the juvenile to the plea hearing. *See Thorpe,* 641 P.2d at 941; *S.A.R.,* 860 P.2d at 574; *see— also State v. Farrell,* 145 N.H. 733, 766 A.2d 1057, 1062 (2001)(when parent not notified of custodial interrogation, lack of parental presence becomes "significant factor"); *State v.*

*Presha,* 163 N.J. 304, 748 A.2d 1108, 1114 (2000)(in custodial interrogation, absence of parent considered "highly significant factor"); *State ex rel. J.M. v. Taylor,* 166 W.Va. 511, 276 S.E.2d 199, 202 (1981)(citing several cases that use advice of parent or counsel as totality factor in determining waiver). *See— also Juvenile Justice Standards Annotated, supra,* §§ 6.1, 6.2.

■■■ The trial court should also consider whether a juvenile defendant has meritorious defenses to the charges against him or her. *See Cunningham,* 678 P.2d at 1060 (where juvenile represented by counsel, failure to assert meritorious defense should be considered); *J.F.C.,* 660 P.2d at 9 (same).

■■■ A trial court's factual determination of whether a juvenile has voluntarily and knowingly waived any rights will be upheld if supported by the record. *Thorpe,* 641 P.2d at 941.

■■■ Further, a juvenile's constitutional rights are not altered merely because he or she is charged directly in adult court rather than in juvenile court. *See Nicholas,* 973 P.2d at 1217–19 (where juvenile in district court by direct filing, court finds applicable § 19–2–511 requiring presence of parents at interrogation); *People v. S.M.D.,* 864 P.2d 1103, 1105 (Colo.1994)(where juvenile, charged as an adult and tried in district court, argued certain interpretation of a statute in Children's Code, court applied statute and did not distinguish juvenile's status as an adult offender from that of a juvenile offender); *Thorpe,* 641 P.2d at 941 (where juvenile directly filed against in district court, court considered presence of mother at interrogation in determining whether totality of circumstances showed valid waiver of right to counsel); *see—also Haley,* 332 U.S. at 599– 601, 68 S.Ct. at 303–04, 92 L.Ed. at 229 (considering, in adult proceeding, constitutional right to counsel afforded to juvenile and absence of an adult during interrogation).

■■■ Regardless of the venue in which the juvenile is charged, the Supreme Court has recognized that adolescents are "less mature and responsible than adults," *Thompson v. Oklahoma,* 487 U.S. 815, 834, 108 S.Ct. 2687,

2698, 101 L.Ed.2d 702, 717 (1988), and "often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them." *Bellotti v. Baird,* 443 U.S. 622, 635, 99 S.Ct. 3035, 3044, 61 L.Ed.2d 797, 808 (1979). Thus, even if a juvenile is charged in adult court, it does not follow that he or she must be treated as an adult in all respects. *See* Richard E. Redding, *Juveniles Transferred to Criminal Court: Legal Reform Proposals Based on Social Science Research,* Utah L.Rev. 709, 722 (1997)("Children's immaturity is ignored when the law holds them to adult standards of conduct by transferring them for trial in adult court."); Malcolm C. Young, U.S. Dep't of Justice, Office of Justice Programs, Bureau of Justice Assistance, *Providing Effective Representation for Youth Prosecuted as Adults* 1, 4 (2000)(Model Program Advisory Team emphasized that representation of a child in adult court "is qualitatively different from representing an adult"); Malcolm C. Young, *Representing a Child in Adult Criminal Court,* Crim. Just. 15–20 (Spring 2000)(describing how at every critical point of adult criminal process, children are ill-equipped to defend themselves or be defended even by competent counsel).

We recognize that in *People v. Juvenile Court,* 915 P.2d 1274, 1276–77 (Colo.1996), the supreme court stated that "protections typically accorded juveniles are lost" upon transfer or direct filing. However, the court relied there upon a statute in the Children's Code expressly permitting a juvenile to be held in an adult detention facility pending criminal proceedings in district court. *People v. Juvenile Court,* 915 P.2d at 1277. Here, in contrast, no specific statute or rule precludes consideration of a totality of circumstances test in assessing the validity of the juvenile defendant's plea. Therefore, *People v. Juvenile Court* is distinguishable.

■ Here, while the trial court gave a proper Crim P. 11 advisement, it did not specifically evaluate the totality of the circumstances surrounding defendant's waiver of his constitutional rights.

The court elicited from defendant his age, education, whether he had any legal training, and whether he was under the influence of drugs or alcohol. The record also shows that the court had access to defendant's juvenile record prior to sentencing. However, the court did not inquire into whether defendant had consulted with an attorney before entering the plea or whether defendant had conferred or wished to confer with a parent, guardian, or GAL prior to entering a guilty plea.

The record further shows that, although defendant was not in contact with his father, he knew his mother's whereabouts and had a good relationship with her. Even assuming his mother was uninvolved, the court had the discretion to appoint a GAL, but did not do so. *See* § 19–2–517(5), C.R.S.2000.

Further, defendant contends that he had meritorious defenses he was unable to pursue because he lacked assistance of counsel or advice from a parent. Specifically, defendant asserts that the charges against him resulted from an altercation with another juvenile, during which an officer was hit trying to break it up. Thus, defendant asserted the existence of meritorious defenses. *cf. J.F.C.,* 660 P.2d at 9.

Additionally, the record reveals that defendant had only completed the sixth grade, and not the tenth grade as he reported to the trial court. Defendant also has alleged that he suffers from a bipolar personality disorder, but the trial court did not pursue this matter during the providency hearing.

In applying the above principles and the totality of circumstances standard to the record on appeal, we conclude that defendant did not knowingly and voluntarily waive his constitutional rights when he entered a guilty plea.

We also conclude that the trial court did not take sufficient steps to ensure the effective waiver of defendant's constitutional rights and therefore, the guilty plea must be vacated.

Accordingly, the order is reversed, and the case is remanded to allow defendant to withdraw his plea and for further proceedings consistent with this opinion.

Judge ROTHENBERG and Judge ROY concur.