**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Christopher J. SIMPSON, Respondent.**

**No. 01SC790.**

Supreme Court of Colorado, En Banc.

May 12, 2003.

Ken Salazar, Colorado Attorney General, John D. Seidel, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, Colorado, Attorneys for Petitioner.

Kurt A. Metsger, Denver, Colorado, Attorney for Respondent.

Justice RICE delivered the Opinion of the Court.

This case is before us on certiorari review of the court of appeals decision vacating Respondent's guilty plea on the grounds that it was constitutionally ineffective. We reverse. We hold that the court of appeals erred in vacating the guilty plea based solely on allegations contained in Respondent's motion for postconviction relief. We remand the case to the district court to hold an evidentiary hearing as required by Crim. P. 35(c).

## FACTS AND PROCEDURAL HISTORY

In July of 1999, Respondent, Christopher Simpson, was in the Jefferson County detention facility awaiting resentencing on another offense. He became involved in a scuffle with another inmate and during the course of the fight, he allegedly committed an assault on a deputy sheriff. Respondent was charged with second degree assault on a peace officer in violation of section 18–3–203(1)(f), 6 C.R.S. (2002). Although Respondent was only seventeen years old at the time of the assault, the charge was filed directly in district court, pursuant to section 19–2–517(1)(a)(IV), 6 C.R.S. (2002) (permitting direct filing on a juvenile who has been subject to a direct filing in another case).

In September of 1999, Respondent, less than one month shy of his eighteenth birthday, agreed to plead guilty to second degree assault, a class four felony in violation of section 18–3–203(1)(c), 6 C.R.S. (2002). He appeared at the providency hearing without counsel. The trial court advised Respondent of his right to counsel as required by *People v. Arguello*, 772 P.2d 87 (Colo.1989), and found that Respondent knowingly and voluntarily waived his right to be represented by counsel. Respondent was further advised, in compliance with Crim. P. 11, of the nature of the charge, possible penalties, and his other constitutional rights, including his right to trial by jury. The court found that Respondent knowingly and voluntarily entered a plea of guilty. Respondent was sentenced to twelve years in the Department of Correc-

tions, to run consecutively to a sentence he was already serving.

In February of 2000, Respondent, represented by counsel, filed a Crim. P. 35(c) motion for postconviction relief, in which he argued that his guilty plea was not voluntary. To support this argument, Respondent claimed: (1) he did not have an adult, guardian, or guardian ad litem (GAL) present to assist him and therefore he was not competent to proceed without counsel; (2) he only possessed a sixth grade education, not a tenth grade education as he told the court; and (3) he was afflicted with a bipolar personality disorder. One or more of these factors, he argued, rendered his guilty plea involuntary. The trial court denied the motion without a hearing.

The court of appeals reversed. It vacated Respondent's conviction, holding that he did not knowingly and voluntarily waive his constitutional rights when he entered the plea. *People v. Simpson*, 51 P.3d 1022, 1028 (Colo. App.2001).

## ANALYSIS

We hold that the court of appeals erred in vacating Respondent's guilty plea based upon allegations contained in his Crim. P. 35(c) motion. However, since the allegations, if true, may entitle Respondent to relief, we remand the case to the district court to conduct an evidentiary hearing as required by Crim. P. 35(c).

A presumption of validity attaches to every judgment of conviction. *Patton v. People*, 35 P.3d 124, 131 (Colo.2001). Thus, it is Respondent's burden to show, by a preponderance of the evidence, that his conviction was constitutionally infirm. *Id.* at 132; *Kailey v. Colorado State Dept. of Corrections*, 807 P.2d 563, 567 (Colo.1991) ("In a Crim. P. 35 proceeding the legality of the judgment and the regularity of the proceedings leading up to the judgment are presumed, and the burden is upon the applicant to establish by a preponderance of the evidence the allegations of his motion.").

In his Rule 35(c) motion, Respondent raised three arguments to support his claim

that his guilty plea was not knowing and voluntary: (1) he did not have an adult, guardian, or guardian ad litem present to assist him; (2) he only possessed a sixth grade education; and (3) he was suffering from a bipolar personality disorder.

 We conclude that one or more of these allegations, if true, may be sufficient to provide a basis for relief under Crim. P. 35(c). However, because the trial court did not conduct a hearing, the veracity of these claims was never ascertained. We cannot determine, in the absence of a hearing, whether Respondent does, in fact, possess only a sixth grade education or suffer from a bipolar personality disorder. In addition, while the record is clear that Respondent did not have a parent, guardian, or GAL present at the providency hearing, we cannot determine without an evidentiary hearing whether such absence caused his plea to not be knowing and voluntary. Since an appellate court is not in as good a position as the trial court to make factual findings, *see People v. Al-Yousif*, 49 P.3d 1165, 1169 (Colo.2002), the court of appeals erred in vacating Respondent's conviction.

Upon receipt of a motion for postconviction relief under Rule 35(c), a trial court must hold an evidentiary hearing "[u]nless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief...." Crim. P. 35(c)(3). To warrant a hearing, a defendant need only assert facts that, if true, would provide a basis for relief. *See White v. Denver Dist. Court*, 766 P.2d 632, 636 (Colo. 1988) (postconviction motion to review parole revocation proceedings set forth sufficient allegations to require hearing where defendant alleged that he was denied right to counsel and right to cross-examination of witnesses); *People v. Trujillo*, 190 Colo. 497, 549 P.2d 1312 (1976) (no evidentiary hearing required where defendant's motion for postconviction relief only presented question of law); *Allen v. People*, 157 Colo. 582, 404 P.2d 266 (1965) (evidentiary hearing was not required where the defendant did not introduce any new fact but merely argued that the trial court erred in failing to investigate and ascertain that defendant was indigent). Since Respondent

alleged facts which, if true, may have been sufficient to provide a basis for relief, the trial court should have conducted a hearing as required by Rule 35(c).

## CONCLUSION

The decision of the court of appeals is reversed and the case is remanded to the district court for an evidentiary hearing concerning the allegations raised in Respondent's Rule 35(c) motion.