22CA2007 Peo v Barnett 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA2007 El Paso County District Court No. 16CR3315 Honorable Frances R. Johnson, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Matthew Manuel Barnett, Defendant-Appellant. ORDER AFFIRMED Division I Opinion by JUDGE WELLING J. Jones and Schock, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Matthew Manuel Barnett, Pro Se 
1 ¶ 1 Defendant, Matthew Manuel Barnett, appeals the district court’s order denying his Crim. P. 35(c) motion without a hearing. We affirm. I. Background ¶ 2 A jury convicted Barnett of menacing, child abuse, harassment, and reckless endangerment. The trial court sentenced him to three years in the custody of the Department of Corrections, to be followed by two years of mandatory parole. Barnett directly appealed, and a division of this court affirmed the judgment of conviction. People v. Barnett, (Colo. App. No. 19CA1057, Mar. 11, 2021) (not published pursuant to C.A.R. 35(e)). ¶ 3 Barnett then filed a timely pro se motion for postconviction relief under Crim. P. 35(c). He asserted several claims related to his trial counsel’s performance — namely, that counsel (1) “knowingly and maliciously allowed violation of [his] right to fair and speedy trial” and “lied” by saying “that no violation occurred”; (2) failed to investigate inconsistencies in witness statements; 
2 (3) failed to seek a mistrial when the prosecutor referenced Barnett’s mental health issues; (4) failed to investigate and “produce evidence for [a mental health] defense or mitigation”; (5) “restarted the [speedy trial] clock” by withdrawing his not guilty plea and entering a not guilty by reason of insanity plea; (6) failed to seek a competency examination before sentencing; (7) failed to object to seating a juror who was friends with the prosecutor’s parents; and (8) “failed to present proof of evidence in the records at trial” and other information that would have demonstrated that “the victim was a compulsive liar.” ¶ 4 Barnett also claimed that the prosecutor committed misconduct by (1) knowingly presenting perjured testimony from two witnesses; (2) “threaten[ing] to elevate [the] charges to attempted murder for not taking the Judge Shakes Veteran’s Trauma court plea deal”; and (3) “taint[ing] the jury” by referencing Barnett’s “mental health issues” and “trip to the VA.” He further 
3 claimed that the trial court erred by denying a motion to dismiss, denying his right to conflict-free counsel, and violating his “rights to a fair and speedy trial because [his] attorney[’s] performance fell below a reasonable level.” And, Barnett asserted, Judge Lowrey (who presided over the trial) was biased due to his relationship with Judge Shakes. ¶ 5 Last, Barnett alleged that he experienced a nine-month delay in receiving a mental health evaluation. He questioned whether the delay was attributable to his “attorney’s ineffectiveness or the court’s lack of attention,” but stated that, “either way, this was very prejudicial for my case.” ¶ 6 In a detailed written order, the district court denied the motion without a hearing, concluding that Barnett had failed to state adequate legal or factual grounds for relief. II. The District Court Didn’t Err by Denying Crim. P. 35(c) Relief ¶ 7 We review de novo a district court’s decision to deny a Crim. P. 35(c) motion without a hearing. People v. Cali, 2020 CO 20, ¶ 14. We perceive no error in that decision here. ¶ 8 To warrant a hearing on a Crim. P. 35(c) motion, a defendant must assert facts that, if true, would provide a basis for relief. 
4 People v. Simpson, 69 P.3d 79, 81 (Colo. 2003). A postconviction court may deny a Crim. P. 35(c) motion without a hearing when the motion, the files, and the record clearly establish that the defendant is not entitled to relief. Ardolino v. People, 69 P.3d 73, 77 (Colo. 2003). A court may also deny relief when the allegations are bare, conclusory, vague, or lacking in detail. People v. Venzor, 121 P.3d 260, 262 (Colo. App. 2005). Although pro se pleadings must be broadly construed, it is not a court’s role to rewrite those pleadings or act as an advocate for a pro se litigant. Cali, ¶ 34. A. Ineffective Assistance of Counsel ¶ 9 A criminal defendant has a constitutional right to the effective assistance of counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16. To obtain relief on an ineffective assistance of counsel claim, a defendant must show that (1) counsel’s performance was deficient — in that it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish prejudice, the defendant must allege a reasonable probability that, but for counsel’s errors or omissions, the result of the proceeding would have been different. Id. at 694. 
5 ¶ 10 If a court determines that a defendant has failed to prove either prong of the Strickland test, it may deny the ineffective assistance claim without addressing the other prong. Id. at 697. ¶ 11 Barnett’s allegations of deficient performance were nothing more than a conclusory list of perceived errors and omissions, without even the barest explanation of why, in his case, counsel’s performance fell below an objective standard of reasonableness. It’s not enough for a defendant to merely assert bare accusations that his counsel erred; he must allege with specificity why counsel’s errors or omissions constituted deficient performance. See People v. Zuniga, 80 P.3d 965, 973 (Colo. App. 2003) (Bare and “conclusory allegations regarding counsel’s allegedly deficient performance are insufficient to demonstrate that defendant may be entitled to postconviction relief and that the record might contain specific facts that would substantiate his claim.”). Moreover, even assuming, for the sake of argument, that Barnett alleged sufficient facts to permit a conclusion that counsel’s alleged errors and omissions constituted deficient performance, he wholly failed to allege the requisite prejudice. That is, he didn’t allege — let alone explain — why, but for counsel’s alleged errors and omissions, the result of 
6 his trial would have been different. Accordingly, we can’t conclude that the district court erred by denying Barnett’s ineffective assistance of counsel claims without a hearing. B. Prosecutorial Misconduct and Trial Court Error ¶ 12 We likewise perceive no error in the district court’s resolution of Barnett’s allegations of prosecutorial misconduct and trial court error. To the extent these claims weren’t successive (because they could have been raised in Barnett’s direct appeal, see Crim. P. 35(c)(3)(VII)), they were devoid of specific facts and therefore appropriately denied as bare, conclusory, and lacking in sufficient supporting detail. See Venzor, 121 P.3d at 262. III. Appointment of Counsel ¶ 13 We also reject Barnett’s assertion that the district court erred by failing to appoint counsel in conjunction with his postconviction motion. Having concluded that the court properly denied the motion without a hearing, we likewise conclude that the court didn’t err by declining to appoint counsel. Id. at 264. IV. New Assertions on Appeal ¶ 14 In his appellate brief, Barnett adds significant factual details in support of his postconviction claims. However, a defendant may 
7 not use his brief on appeal to fortify issues inadequately raised or supported by his postconviction motion. People v. Rodriguez, 914 P.2d 230, 251 (Colo. 1996). Accordingly, we won’t consider these details on appeal. V. Disposition ¶ 15 The order is affirmed. JUDGE J. JONES and JUDGE SCHOCK concur.